**KISSINGER N. SIBANDA, Attorney at Law**
22 Scotland Rd
Orange, New Jersey 07050
Kissinger N. Sibanda, Atty. ID #1017426
ksibanda@temple.edu
Telephone: 973-689-5952
Attorney for PLAINTIFF

## United States District Court

## Southern District Of New York

| | |
|---|---|
| MOUSSA DIARRA, | FIRST AMENDED COMPLAINT |
| *PLAINTIFF*, | **CIVIL RIGHTS VIOLATION** |
| | **DEMAND FOR JURY TRIAL** |
| v. | **1. 42 U.S.C. § 1983 [FIFTH AMENDMENT: SELF INCRIMINATION]** |
| CITY OF NEW YORK, | **2. 42 U.S.C. 1983 [Equal Protection]** |
| *DEFENDANT*. | **3. New York Constitution, Art. I, §6** |
| | **4. New York Constitution, Art. I, §11** |
| | **5. FALSE IMPRISONMENT** |

- 1 -

Plaintiff MOUSSA DIARRA avers as follows:

**PRELIMINARY STATMENT**

1. Plaintiff brings this action seeking to reclaim injury from discrimination under color of law in his arrest, investigation and subsequent prosecution based on fictitious criminal complaint.

2. PLAINTIFF MOUSSA DIARRA, is a naturalized US Citizen born in the Ivory Coast. His race group is African. He arrived in the U.S. on June 16, 1990.

4. Mr. DIARRA was arrested at 7PM September 23, 2014 and charged under P.L. 130.50(1), Criminal Sexual Act in the First Degree; P.L 130.70(1), attempted sexual assault in the first degree, P.L 110/120.10(2)attempted assault in the second degree, and P.L. 120.05(3), assault in the second degree.

5. Mr. DIARRA was arrested at the police station on September 23, 2014, and interviewed in the absence of a lawyer.

- 2 -

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

6. DIARRA was subsequently indicted, indictment no: 04521-2014; lower court number, 2014NY073285.

7. The detectives involved in the investigation were Detective LUKASZI SKOREZISKWI, Shield 7203 command MSVS and detective KATIA JASMIN, shield 567 command MSVS.

8. Mr. DIARRA, and his then wife TRAORE KADY who had recently arrived from Ivory Coast at the time of incident. They got married in January 2014.

9. Subsequently information damaging to Mr. DIARRA's reputation was published to the media (New York Daily News), and New York Post: stated – *Man Circumcises wife after raping her: Cops*[1], the source for this was noted as "Cops." The article said: Mr. DIARRA was from Africa where circumcision was a common practice portraying the defendant as guilty of the crime accused.

---

[1] Conley, Kristin. October 7, 2014.

- 3 -

This article was available for texting and tweeting in many internet secondary outlets[2].

10. The New York Daily News Article stated that: "MR. DIARRA used a razor blade for his own direct sexual gratification.[3]" And that "…over 5 Million women are victims of forced mutilation.[4]" Further damaging Mr. Diarra's reputation.

11. MS. KADY TRAORE was examined on September 22, 2014 at Harlem Hospital by T. BIRDSALL and a social worker MS. OUWSMANN.

12. The medical reports did not evidence any sign of circumcision or sexual assault.

---

[2] EXHIBIT A (Media: New York Post, New York Daily News, and shared internet cache).

[3] See EXHIBIT A.

[4] Ibid.

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

13.     MR. DIARRA was tried and found not guilty on March 9, 2016.

14.     During trial, on cross examination with, a physician assistant, Ms. T. BIRDAL (TRT219: 6-12), when asked whether there was any physical cut, she reiterated what was already evident in the medical report - NO.

15.     Mr. DIARRA was subsequently found not guilty after a jury trial. No apology was ever given to him by the New York City Police Department and New York City for this frivolous arrest, investigation and prosecution, based on a fictitious complaint.

16.     MR. DIARRA seeks damages to his reputation, as well as compensatory and punitive damages.

17. MR. DIARRA spent four months 5 days, from September 23, 2014 to January 28, 2015 when he could not post bail.

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

18. During MR. DIARRA's time in jail he was subject to all manner of abuse: psychological and mental, because of the sexual nature of the charges against him.

14. Mr. DIARRA was moved after arraignment from Central Jail to Ricker's Island, where he awaited posting of bail.

19. MR. DIARRA posted bail for $10,000 which was put up by his boss CARMIE ELMORE, on January 28th, 2015. For the four months while at Riker's Island Mr. Diarra contemplated suicide, on at least one occasion. This would have been done by inserting his head into the retraining electric door.

20. Defendants' conduct through New York City POLICE DEPARTMENT arresting officers LUKASZI SKORZESWI and KATIA JASMIN, and numerous investigators, caused enormous and irreparable harm to MR. DIARRA's person and reputation. Defendant, New York City, may continue to do the same to other plaintiffs similarly situated based on such race discrimination.

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

## JURISDICTION AND VENUE

21. This Court has subject matter jurisdiction over this civil rights action pursuant to 28 U.S.C. §§ 1331, 1338 (a) and 1338 (b), and under its supplemental jurisdiction.

22. This Court has personal jurisdiction over Defendant because; the seat of the court is within New York City.

23. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) as a substantial part of the events or omissions giving rise to the claim occurred, and the DEFENDANTS and/or agents may be found, in this judicial district.

## PARTIES

24. PLAINTIFF MOUSSA DIARRA is a naturalized U.S. citizen who has resided in New York City for over thirty years.

25. NEW YORK CITY is a city in the State of New York, where Mr. DIARRA lives.

## FIRST CAUSE OF ACTION
### (42 U.S.C. 1983: FIFTH AMENDMENT: SELF INCRIMINATION AND DUE PROCESS)

(By plaintiff Against Defendants)

20. Plaintiff incorporates herein by reference each and every averment contained in paragraphs 1 through 19, inclusive.

21. Through their conduct averred herein, Defendants have infringed Plaintiff's SIXTH amendment (FREE FROM SELF INCRIMINATION) by a course of conduct in which defendant was interviewed without an attorney and subsequently tried.

22. Due process, (substantive right) was violated when defendant was unable to comprehend proceedings due to language barriers and police officers proceeded with interrogation without administration of Miranda Rights and obtaining consent to custodial interview.

23. Fifth Amendment is violated when defendant is interrogated without administering Miranda rights and that statement/conduct is used against defendant. Mr. DIARRA was interrogated by officers SKOREZISKWI and JASMIN, at 134 street, between 3rd and 2nd avenue precinct in Harlem, outside the presence of a lawyer and not consenting to said interview.

24. Mr. DIARRA's lack of understanding of proceedings was then used to build a criminal case against him. His right not to be a witness against himself was taken away from him (substantive due process.).

25. Police Officer SKOREZISKWI allegedly said during interrogation of Mr. DIARRA: "You have no rights in your country, what law are you talking about? " This was in a conversation regarding trip to see blood at Classic Laundry to prove innocence, at 268-270 West 145 street, New York, NY 10039.

24. Officer SKORZEWSKI has since been arrested on a separate case involving an attempted rape victim originally from Seattle. He was given one-year probation and transferred to Queens[5].

25. Defendants' acts through police officers as agents and investigators as agents are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

26. As a direct and proximate result of said violation of Plaintiff's rights, resulting in unnecessary criminal prosecution, investigation and trial of plaintiff; Plaintiff is entitled to damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## (42 U.S.C. 1983: EQUAL PROTECTION)

24. Plaintiff incorporates paragraphs 1-26, as fully set herein.

---

[5] New York Daily News, January 18, 2005.

25. Mr. DIARRA, as a black African was not treated similarly to a white man during his arrest, investigation and subsequent prosecution.

26. Medical Records, not evidencing any medical harm to victim were ignored and prosecution was allowed to proceed despite a lack of *primae facie* evidence for the sexual assault.

27. Equal Protection is violated when person (New York City) treats members within a protected group (race) differently.

## THIRD CAUSE OF ACTION
### (VIOLATION OF NEW YORK CONSTITUTION: FIFTH AMENDMENT)

28. Plaintiff incorporates paragraphs 1-27, as fully set forth herein.

29. Plaintiff's Fifth Amendment under state New York Constitution, NY Const. § 6, was violated because of defendant's course of conduct; arrest, investigation and prosecution.

## FOURTH CAUSE OF ACTION
## (VIOLATION OF NEW YORK CONSTITUTION: EQUAL PROTECTION)

30. Plaintiff incorporates paragraphs 1-29, as if fully set forth herein.

31. Defendant violated plaintiff's equal protection right under NY Const. §11.

## FIFTH CAUSE OF ACTION
## (FALSE IMPRISONMENT)

Plaintiff incorporates paragraphs 1-31, as fully set forth herein.

32. As a direct (arrest) and indirect (prosecution) result of a <u>false instrument</u> intentionally created by Officer Skorzewiski on September 24, 2014. A day after the arrest. And in violation of New York City Penal Law 210.45. Mr. Diarra was made to suffer pain of imprisonment because he failed to produce $10,000 bail bond following arraignment.

33. Mr. Skorzewski doctored, lied and intentially filled out a complaint to create the illusion that Mr. Diarra had committed the serious crime of *genital mutilation*. He (Skorzewski) further signed on

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

the false written statement that he was aware that it was illegal to create such a false written statement.

34. Mr. Diarra was imprisoned/jailed at Rikers Island for four months because he could not make bail as an indirect (but for) result of this false written statement by Officer Skorzewski.

35. The nature of a crime determines the amount and manner of bail at arraignment. In addition, the Criminal justice system is built on the written submissions of arresting police officers, as to what they have seen, heard and observed.  High bail was a direct result of false written statement created by Mr. Skorzewiski, as it states grave nature of fictitious crime of *genital mutilation*, as well as offering Mr. Diarra as a sacrificial menace to society whose rights should be withdrawn. Preceding judge in criminal case, taking officer Skorzewiski at his word; and that Police Officers have no reason to lie; relied on the false written statement to set appropriate bail and determine course of action, including requesting Mr. Diarra's passport as a potential flight risk to his place of birth Ivory Coast.

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

34. In response to the filing of a false written statement, which the District Attorney relied upon, prosecution was commenced and concluded. At no time did Mr. Skorzewiski retract his false written statement. The narrative in the false written statement formed the charging documents presented to the grand jury, as well as the tone and legal strategy for Mr. Diarra's prosecution. See Exhibit F, DEF 14-15.

35. Plaintiff is suffering irreparable injury from the discriminatory arrest, imprisonment, investigation and trial, and will continue to suffer such irreversible injury.

36. Plaintiff are further entitled to their attorney fees and full cost pursuant to 17 U.S.C. § 505 and otherwise according to law.

37. As a direct and proximate result of foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For damages in such amount as may be found, or as otherwise permitted by law.

2. For plaintiff's attorney's fees, costs, and disbursement in this action pursuant to 42 U.S.C. 1988 and other relevant statutes; and

3. For such other and further relief as the court may deem just and proper.

September 19th, 2017

*/s/ Kissinger N. Sibanda*

By: ___/Kissinger N. Sibanda/_____

Attorney for Plaintiff

- 15 -

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION

# DEMAND FOR JURY TRIAL

PLAINTIFF Moussa Diarra demands a trial by jury.

Date: September 19, 2017

                              KISSINGER N. SIBANDA
                              Attorney for PLAINTIFF


                             By: __/Kssinger N. Sibanda/_____
                               KISISNGER N. SIBANDA Esq
                               Attorney for Plaintiff

AMENDED COMPLAINT FOR CIVIL RIGHTS: FIFTH AMENDMENT, EQUAL PROTECTION