USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
MOUSSA DIARRA, :
:
                    Plaintiff, :
: 16-CV-7075 (VSB)
     - against - :
: **OPINION & ORDER**
:
CITY OF NEW YORK, :
:
                    Defendant. :
:
-----------------------------------------------------------X

Appearances:

Kissinger N. Sibanda
Kissinger N. Sibanda Attorney At Law
Orange, New Jersey
*Counsel for Plaintiff*

Valerie E. Smith
Corporation Counsel of the City of New York
New York, New York
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Moussa Diarra brings this action against Defendant City of New York (the "City") alleging claims arising under 42 U.S.C. § 1983 and New York State law. Before me is Defendant's motion for summary judgment as to all of Plaintiff's claims. Because Plaintiff fails to present evidence of a municipal policy or custom and because Plaintiff failed to file a notice of claim, Defendant's motion is GRANTED.

# I. Background[1]

On September 22, 2014, Plaintiff's wife went to Harlem Hospital, reporting that she was abused by her husband. (Def.'s 56.1 ¶¶ 5–8; Smith Decl. Ex. D, at 51.)[2] Specifically, she reported that Plaintiff had been physically abusing her since she came to the United States and that he cut her vagina with a razor blade. (Def.'s 56.1 ¶ 8; Smith Decl. Ex. D, at 57.) She reported feeling pain to her perineum at a pain level of eight, (Def.'s 56.1 ¶ 7; Smith Decl. Ex. D, at 56), and a pelvic exam showed two small lacerations to her right labia minora, blood in her vaginal canal, and bleeding from the center of her cervix, (Def.'s 56.1 ¶¶ 9–10; Smith Decl. Ex. D, at 65–66). She was diagnosed as having suffered sexual abuse. (Def.'s 56.1 ¶ 11; Smith Decl. Ex. D, at 69.)

On the same day Plaintiff's wife went to Harlem Hospital, Detective Lukasz Skorzewski of the New York City Police Department ("NYPD") Manhattan Special Victims Squad responded to her complaint. (Def.'s 56.1 ¶¶ 12, 14; Smith Decl. Ex. D, at 70–71.) Plaintiff's wife told Detective Skorzewski that Plaintiff sexually assaulted her by physically forcing her to have anal sex with him after she refused. (Def.'s 56.1 ¶¶ 14–17; Smith Decl. Ex. D, at 70; Smith Decl. Ex. H, at 117.) She also told Detective Skorzewski that Plaintiff used a razor blade to cut her vagina. (Def.'s 56.1 ¶ 18; Smith Decl. Ex. E, at 13:22-14:5; Smith Decl. Ex. H, at 117.) Plaintiff's wife identified him to police officers by showing them a picture of him. (Def.'s 56.1 ¶ 20; Smith Decl. Ex. D, at 72.)

On September 23, 2014, Plaintiff was arrested and charged with assault in the second

---

[1] Unless otherwise noted, the facts in the background section are taken from Defendant's Statement of Material Facts Pursuant to Local Civil Rule 56.1, (Doc. 181), and I construe those facts as undisputed for the reasons stated below.

[2] "Def.'s 56.1" refers to Defendant's Statement of Material Facts Pursuant to Local Civil Rule 56.1, filed January 22, 2018. (Doc. 181.) "Smith Decl." refers to the Declaration of Valerie E. Smith in Support of Defendant's Motion for Summary Judgment, and attached exhibits, filed January 22, 2018. (Doc. 179.)

degree as a sexually motivated felony, criminal sex act in the first degree, and female genital mutilation.  (Def.'s 56.1 ¶ 21; Smith Decl. Ex. G.)  After approximately ten days of trial, Plaintiff was acquitted by a jury.  (Smith Decl. Ex. C, at 64:6-20.)

During his deposition, Detective Skorzewski testified that he arrested Plaintiff pursuant to an NYPD policy of making arrests based on probable cause.  (Skorzewski Dep. 31:2-18.)[3]  He also testified that during the periods relevant to this action, he had no responsibility for determining policies and practices of the NYPD.  (Def.'s 56.1 ¶ 13; Smith Decl. Ex. F ¶¶ 3–4.)

## II. Procedural History

Plaintiff filed this action on September 10, 2016.  (Doc. 1.)  Defendant submitted an answer to the complaint on May 10, 2017.  (Doc. 29.)  After holding an initial pretrial conference on July 11, 2017, I entered a case management plan and scheduling order.  (Doc. 58.)

On August 28, 2017, Plaintiff submitted a letter motion requesting leave to amend the complaint.  (Doc. 74.)  On September 19, 2017, I granted Plaintiff's motion for leave to amend the complaint.  (Doc. 83.)  Plaintiff filed the amended complaint on the same day.  (Doc. 86.)  Defendant submitted an answer to the amended complaint on October 7, 2017.  (Doc. 94.)

After the conclusion of discovery, Defendant filed a motion for summary judgment and supporting papers on January 22, 2018.  (Docs. 178–81.)  Plaintiff filed his opposition and supporting papers on February 2, 2018.  (Docs. 183–86.)  Because Plaintiff's opposition memorandum exceeded sixty pages, in violation of the twenty-five page limit on memoranda under my Individual Rules & Practices in Civil Cases, and Plaintiff had not sought leave to file an oversized memorandum, Defendant requested that I strike Plaintiff's opposition

---

[3] "Skorzewski Dep." refers to the Deposition of Detective Lukasz Skorzewski, dated November 14, 2017 and attached as Exhibit E to the Smith Declaration.  (Doc. 179-5.)

memorandum. (Doc. 187.) I entered an order instructing Plaintiff to file an abbreviated memorandum, and that if he failed to do so, I would only consider the first twenty-five pages of his original memorandum in deciding Defendant's motion. (Doc. 189.) Plaintiff submitted a letter informing me that he would not submit an abridged memorandum, and that I should consider only the first twenty-five pages of his original memorandum. (Doc. 190.) Defendant filed its reply memorandum on February 12, 2018. (Doc. 192.)

On February 13, 2018, Plaintiff filed a letter addressing purported misstatements in Defendant's reply memorandum and requesting that Defendant's Rule 56.1 Statement be stricken for violation of local ECF guidelines and of a protective order. (Doc. 193.) Defendant submitted a response letter requesting that Plaintiff's February 13, 2018 letter be stricken as an improper sur-reply. (Doc. 194.) Plaintiff responded to that letter on the same day. (Doc. 195.) Because Plaintiff's letters simply referred to portions of documents that were already introduced in conjunction with Defendant's summary judgment motion and introduced arguments in response to Defendant's reply memorandum, I construed them as a sur-reply and granted Defendant's motion to strike them. (Doc. 196.) I also instructed Plaintiff to submit the legal basis for his request to strike or redact Defendant's Rule 56.1 Statement. (*Id.*) After Plaintiff submitted letters providing the purported legal basis for his request to strike, (Docs. 198, 203), I denied his request on June 14, 2018, (Doc. 204). On August 8, 2018, after an extended back-and-forth regarding the sealing of materials inappropriately filed on the docket—including a conference held on June 28, 2018 during which I referenced my individual rule concerning filing materials under seal and explicitly told Plaintiff's counsel the materials that had been inappropriately filed on the docket—Plaintiff re-filed his declaration in opposition to Defendant's summary judgment motion. (Doc. 226.)

### III. Legal Standard

#### A. *Summary Judgment*

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at 256, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the

court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

Finally, in considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citations and quotation marks omitted); *see also Matsushita*, 475 U.S. at 587. "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

### B. *Local Civil Rule 56.1*

Local Civil Rule 56.1 requires that "[e]ach statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible." L.R. Civ. P. 56.1(d). "[C]ourts in this circuit have not hesitated to deem admitted the facts in a movant's Local Rule 56.1 Statement that have not been controverted by a Local Rule 56.1 statement from the non-moving party." *Liles v. N.Y.C. Dep't of Educ.*, 516 F. Supp. 2d 297, 308 (S.D.N.Y. 2007) (quoting *Gadsden v. Jones Lang Lasalle Ams., Inc.*, 210 F. Supp. 2d 430, 438 (S.D.N.Y. 2002) (listing cases)).

In order to controvert a statement "the non-moving party must cite to evidence that would be admissible at trial to show that the controverted statement is, in fact, in dispute." *Costello v. N.Y. State Nurses Ass'n*, 783 F. Supp. 2d 656, 661 n.5 (S.D.N.Y. 2011). "If the non-movant

asserts that a fact claimed by the movant to be undisputed is actually in dispute, the non-movant *must* cite evidence on the record to support its contention." *Rodriguez v. Schneider*, No. 95 CIV. 4083(RPP), 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999), *aff'd*, 56 F. App'x 27 (2d Cir. 2003).

IV. <u>Discussion</u>

A. *Sufficiency of Plaintiff's Rule 56.1 Statement*

Defendant argues that Plaintiff's Rule 56.1 Statement fails to conform to the requirements of the local rules of this District because it fails to cite to evidence specifically controverting Defendant's Rule 56.1 Statement. I agree. Plaintiff's Rule 56.1 statement does not comply with the rule and is deficient.

Although Plaintiff's Rule 56.1 Statement purports that it "disagrees" with the facts listed in Defendant's Rule 56.1 Statement, Plaintiff fails to cite to evidence to create material issues of fact. (*See* Doc. 183.) In fact, some of Plaintiff's statements in his Rule 56.1 Statement do not include facts at all. Rather, he lodges hearsay and relevancy objections against certain facts, (*e.g.*, *id.* ¶¶ 5, 6), states that he cannot confirm or deny certain facts because Detective Skorzewski did not testify at Plaintiff's criminal trial, even though Plaintiff's counsel deposed Detective Skorzewski in this action, (*e.g.*, *id.* ¶¶ 15, 16, 17, 18, 19, 20), and makes statements questioning the veracity of certain evidence, but fails to cite to any specific evidence controverting the fact, (*e.g.*, *id.* ¶¶ 5, 7, 8). This is insufficient to create a genuine issue of material fact. *See Costello*, 783 F. Supp. 2d at 661 n.5; *Rodriguez*, 1999 WL 459813, at *1 n.3. Therefore, I consider the facts asserted in Defendant's Rule 56.1 Statement as admitted. *See Liles*, 516 F. Supp. 2d at 308–09 (considering facts stated in Defendant's Rule 56.1 statement as admitted when plaintiff failed to comply with Local Rule 56.1).

## B. *Municipal Liability Under § 1983*

### 1. Applicable Law

The language of § 1983 makes clear that "Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Therefore, a municipality "cannot be held liable *solely* because it employs a tortfeasor." *Id.* In order to succeed on a claim against a municipality under § 1983 based on acts of government officials, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008)). A plaintiff must establish a violation of his constitutional rights in order to succeed in a claim for municipal liability. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). However, a plaintiff "need not sue the individual tortfeasors at all, but may proceed solely against the municipality." *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013).

When determining whether municipal liability applies, a court must "conduct a separate inquiry into whether there exists a 'policy' or 'custom.'" *Cowan*, 95 F. Supp. 3d at 637 (quoting *Davis v. City of New York*, 228 F. Supp. 2d 327, 336 (S.D.N.Y. 2002)). In order to prevail, a plaintiff must allege either "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or

supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (citations omitted). A plaintiff cannot show a "policy" or "custom" sufficient to impose municipal liability merely by providing "[p]roof of a single incident of unconstitutional activity . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); *see also Cowan*, 95 F. Supp. 3d at 637 ("Generally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (internal quotation marks omitted)).

### 2. Application

Defendant argues that Plaintiff's § 1983 claims against the City fail because, based on the evidence in the record before me, no reasonable fact-finder could conclude that a policy or custom of the City caused Plaintiff's purported constitutional deprivations. (Def.'s Mem. 3–6.)[4] I agree.

Plaintiff appears to argue that the municipal policy that caused his injuries was an unwritten policy of racial discrimination employed by the City against black people. (Pl.'s Opp. 15–24.)[5] In particular, Plaintiff claims that the City has a policy of arresting black people without probable cause. (*Id.*) However, Plaintiff fails to present evidence of a municipal policy or custom sufficient to overcome summary judgment.

---

[4] "Def.'s Mem." refers to the Memorandum of Law in Support of Defendant's Motion for Summary Judgment, filed January 22, 2018. (Doc. 180.)

[5] "Pl.'s Opp." refers to the Memorandum of Law in Support of Plaintiff's Opposition to Summary Judgment, filed February 2, 2018. (Doc. 186.)

The primary piece of evidence on which Plaintiff relies to support his argument is the deposition testimony of Detective Skorzewski stating that he arrested Plaintiff pursuant to NYPD policy. In particular, Plaintiff points to the following exchange:

> Q: Officer Skorzewski, at some point you made a decision to arrest Mr. Diarra; is that correct?
>
> A: Yes.
>
> Q: Why was that decision made?
>
> [Objection]
>
> A: Mostly NYPD policy at this point.
>
> Q: And what is the policy?
>
> A: It was a domestic arrest, meaning they have an intimate relationship. There's a victim. There were hospital reports.

(Skorzewski Dep. 22:4-15.) In addition, the following exchange occurred between Detective Skorzewski and counsel for Defendant:

> Q: You testified that it's NYPD policy to make an arrest. What specifically were you referring to when you said that in this case?
>
> [Objection]
>
> A: Not necessarily a written rule that the NYPD has, but if you have a complainant witness and medical evidence showing, in this case this assault, then there's probable cause to make an arrest.
>
> Q: So the policy is to make an arrest based on probable cause?
>
> A: Yes.
>
> Q: And that's what you were referring to?
>
> A: Yes.

(Skorzewski Dep. 31:2-18.)

Detective Skorzewski's testimony does not support Plaintiff's assertion that his alleged

injuries were caused by a policy or custom of the City to arrest black people without probable cause. Rather, his testimony sets forth the following facts: (1) the NYPD has a policy of making arrests based on probable cause; (2) generally, when there is a complaining witness and corroborating medical evidence demonstrating assault, there is probable cause; (3) there was probable cause to arrest Plaintiff because the victim complained that Plaintiff domestically abused her and there was corroborating medical evidence; and (4) Detective Skorzewski arrested Plaintiff pursuant to a finding of probable cause. As general matter, Plaintiff does not identify any evidence to support even an inference that his arrest was motivated in any way by race or racial animus. Specifically, Plaintiff fails to point to any evidence indicating that his arrest was made pursuant to an official NYPD policy of making arrests without probable cause on the basis of racial discrimination.[6] Nor does Plaintiff point to any evidence suggesting (1) that Detective Skorzewski had authority to or played any role in making NYPD policy,[7] (2) that there was a practice of racially discriminatory arrests so consistent and widespread as to constitute a custom or usage of the NYPD, or (3) that Detective Skorzewski's arrest of Plaintiff was the result of inadequate training or supervision by the NYPD. *See Brandon*, 705 F. Supp. 2d at 276–77 (listing ways to prove municipal policy or custom).

As such, Defendant is entitled to summary judgment on Plaintiff's § 1983 claims.[8] *See*

---

[6] Plaintiff makes repeated references to an alleged statement by Detective Skorzewski to Plaintiff that "You have no rights in your country, what law are you talking about?" (*See* Pl.'s Opp. 20.) Plaintiff cites to the Amended Complaint as the evidentiary basis for that statement. (*Id.*; *see also* Doc. 86 ¶ 25.) However, allegations in a pleading are insufficient to create a genuine issue of fact on a motion for summary judgment. *Gottlieb v. Cty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("[A party opposing summary judgment] cannot defeat the motion by relying on the allegations in his pleading."). Plaintiff deposed Detective Skorzewski but failed to question him on this purported statement. (*See generally* Skorzewski Dep.) In any event, even if Detective Skorzewski had made the purported statement, it would not, without additional evidence, be probative of whether or not the City had a policy of arresting black people without probable cause.

[7] In fact, Detective Skorzewski testified that he had no responsibility for determining policies and practices of the NYPD, which Plaintiff failed to controvert. (Def.'s 56.1 ¶ 13; Smith Decl. Ex. F ¶¶ 3–4.)

[8] Because the lack of any evidence of a policy or custom is dispositive as to Plaintiff's § 1983 claims against the

11

*Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 222 (2d Cir. 2004) (affirming summary judgment against plaintiff on § 1983 claim where plaintiff relied solely on conclusory assertions of policy or custom).

### C. *State Law Claims*

Defendant contends that Plaintiff's New York state law claims should be dismissed because Plaintiff failed to file a notice of claim before bringing this action. (Def.'s Mem. 17–18.) When suing the City of New York or its employees, a plaintiff asserting state law tort claims against a municipal entity or its employees acting in the scope of employment must: (l) file a notice of claim within ninety days after the claim arises, N.Y. Gen. Mun. Law § 50-e(1)(a), and (2) commence the action within a year and ninety days from the date on which the cause of action accrues, *id.* § 50-i(1). Sections 50-e and 50-i have been strictly construed by both state and federal courts. *See Dunham v. City of New York*, 295 F. Supp. 3d 319, 329 (S.D.N.Y. 2018); *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 708–09 (S.D.N.Y. 2011). New York's notice-of-claim provisions also apply to state constitutional claims. *See 423 S. Salina St., Inc. v. City of Syracuse*, 503 N.E.2d 63, 65 (N.Y. 1986) (holding that plaintiff's claim for violation of New York State Constitution was barred by New York's notice-of-claim provision).

Plaintiff has failed to submit any evidence that he complied with New York's notice-of-claim provisions before bringing this action. Rather, Plaintiff appears to argue that those provisions are unconstitutional because they limit a plaintiff's federally protected rights. (Pl.'s Opp. 34–36.) However, it is a "general rule that in a federal court, state notice-of-claim statutes apply to *state*-law claims." *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir.

---

City, I do not address Defendant's remaining arguments for dismissal of those claims.

12

1999). Although the notice-of-claim requirements do not necessarily apply to § 1983 claims brought in federal court, they do otherwise apply to state law claims that are brought in federal court as related to § 1983 claims. *See Mosdos Chofetz Chaim, Inc.*, 815 F. Supp. 2d at 708–09. Plaintiff fails to explain how application of New York's notice-of-claim provisions to Plaintiff's New York state law claims infringes upon his federally protected rights. Because Plaintiff has set forth no evidence in the record that he has complied with New York's notice-of-claim provisions, summary judgment is warranted as to Plaintiff's state law claims.

## V. Conclusion

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment for Defendant, terminate the pending motion, (Doc. 178), and close this case.

SO ORDERED.

Dated: September 20, 2018
New York, New York

Vernon S. Broderick
United States District Judge