MANDATE

18-2821
Diarra v. City of New York

N.Y.S.D. Case #
16-cv-7075(VSB)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 21st day of June, two thousand nineteen.

Present:      PIERRE N. LEVAL,
                 ROSEMARY S. POOLER,
                 BARRINGTON D. PARKER,
                       *Circuit Judges*.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 16 2019
```

MOUSSA DIARRA,

                 *Plaintiff-Appellant*,

           v.                                                                            18-2821-cv

CITY OF NEW YORK,

                 *Defendant-Appellee*.

Appearing for Appellant:     Kissinger Nkosinathi Sibanda, Orange, N.J.

Appearing for Appellee:      Jamison Davies, Assistant Corporation Counsel (Richard Dearing, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Broderick, *J.*).

MANDATE ISSUED ON 08/16/2019

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Moussa Diarra appeals from the September 21, 2018, judgment of the United States District Court for the Southern District of New York (Broderick, *J.*), granting summary judgment to the City of New York (the "City") on Diarra's federal civil rights claims, brought pursuant to 42 U.S.C. § 1983, and related state-law claims. *Diarra v. City of New York*, No. 16-CV-7075 (VSB), 2018 WL 4538903, at *1 (S.D.N.Y. Sept. 20, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"This court reviews a district court's grant of a motion for summary judgment de novo, construing the evidence in the light most favorable to the non-moving party." *Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) (internal quotation marks omitted). "All ambiguities must be resolved in favor of the non-moving party and all permissible inferences from the factual record must be drawn in that party's favor." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Diarra has sued only the City. He alleges that the City is liable because he was arrested pursuant to an unconstitutional City policy. "Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Monell*, 436 U.S. at 690-91. "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80.

Here, as the district court correctly held, Diarra came forward with no evidence demonstrating that the alleged deprivations of his federal constitutional rights were the result of a municipal custom, policy, or usage. *See Diarra*, 2018 WL 4538903, at *5-6. The only evidence of any municipal policy was the deposition testimony of the arresting officer who stated that the decision to arrest Diarra was based "[m]ostly [on] NYPD policy." App'x at 86. The officer described that "policy" as follows: "It was a domestic arrest, meaning they [i.e., Diarra and his then-wife who accused Diarra of physical and sexual assault] have an intimate relationship. There's a victim. There were the hospital reports." App'x at 86. The officer provided the following further description of that City policy: "[It was not] necessarily a written rule that the NYPD has, but if you have a complainant witness and medical evidence showing, in this case this assault, then there's probable cause to make an arrest." App'x at 88.

That testimony merely supports the proposition, as the district court observed, that the New York City Police Department "has a policy of making arrests based on probable cause," and that, "generally, when there is a complaining witness and corroborating medical evidence demonstrating assault, there is probable cause." *Diarra*, 2018 WL 4538903, at *5. There is nothing unconstitutional about such a policy. *See, e.g.*, *Stansbury v. Wertman*, 721 F.3d 84, 90

(2d Cir. 2013) ("[A]bsent circumstances that raise doubts as to the victim's veracity, a victim's identification is typically sufficient to provide probable cause." (internal quotation marks omitted)); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("[P]olice officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."). The district court thus properly granted summary judgment to the City on Diarra's federal claims.

The district court also granted the City summary judgment on Diarra's state-law claims because Diarra "failed to submit any evidence that he complied with New York's notice-of-claim provisions before bringing this action." *Diarra*, 2018 WL 4538903, at *6. Diarra argues that New York's notice-of-claim requirement, N.Y. Gen. Mun. Law § 50-i(1), is preempted in Section 1983 litigation. That is true as to Diarra's Section 1983 claims. *See Felder v. Casey*, 487 U.S. 131, 138 (1988). It is not true as to Diarra's state-law claims. To the contrary, the district court was "obligated to apply [New York's] notice-of-claim provision" to Diarra's state-law claims. *Id*. at 151. Under New York law, "[a] notice of claim is a condition precedent to bringing a tort claim against a municipality." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999); *see also, e.g.*, *Kassapian v. City of New York*, 65 N.Y.S.3d 562, 566 (2d Dep't 2017) ("The Supreme Court properly granted dismissal of the cause of action alleging violations of the State Constitution on the ground that the plaintiff failed to serve a notice of claim."). Diarra's argument is thus without merit.

Diarra next argues that vacatur is required because the district judge who presided over his case appeared biased and should have recused himself. The bulk of Diarra's "complaints about the district judge center on judicial rulings, ordinary [case] administration efforts, and relatively routine commentary on the positions and conduct of the parties in the litigation." *SEC v. Razmilovic*, 738 F.3d 14, 30 (2d Cir. 2013). Diarra points to "no objective basis for attributing" those judicial acts "to bias." *Id.* Regarding the district judge's past position with the City, Diarra makes no suggestion that Judge Broderick had any role with the City when the events at issue in this case took place such that one could even remotely conclude that he had "participated as counsel, adviser or material witness concerning the proceeding." *See* 28 U.S.C. § 455(b)(3). In sum, we identify no hint of actual or apparent bias on the part of the district judge.

We have considered the remainder of Diarra's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3