ב"ה

**The Law Offices of Kissinger N. Sibanda, Esq.**

P.O. Box 714

Livingston, NJ 07039

Kissinger N. Sibanda, DC Bar #1017426

Telephone 973-689-5952

Email: ksibanda@temple.edu

February 10th, 2020

> Application granted in part. Plaintiff's request to unseal the specified documents is DENIED. Plaintiff originally filed the documents on the docket and presumably possesses copies of the documents that were eventually filed under seal. Therefore, Plaintiff has permission to use any copies of the documents in its possession solely in connection with the scheduled 50(H) hearing.
>
> SO ORDERED:
>
> *[signature]*
> HON. VERNON S. BRODERICK  2/11/2020
> UNITED STATES DISTRICT JUDGE

# United States District Court
## Southern District of New York

| | |
|---|---|
| MOUSSA DIARRA,  ) | Civil No. 1:16-civ-07075(VSB) |
|     *Plaintiff,* ) | |
| ) | |
| V.  ) | |
| ) | |
| CITY OF NEW YORK,  ) | |
|     *Defendant.* ) | **LEAVE TO FILE:** |
| ) | **LETTER MOTION TO** |
| ) | **UNSEAL, ECF 225.** |
| ) | |
| ) | |

    Mr. Diarra requests leave to file a letter motion to unseal ECF 225. Attached are the moving papers: purported letter motion and its exhibits.

DATED:   LIVINGSTON, NEW JERSEY

February 10th, 2020

                    Respectfully Submitted,

                    /s/ Kissinger N. Sibanda

                    KISSINGER N. SIBANDA, ESQ.,
                    Attorney for the Plaintiff
                    P.O Box 714
                    Livingston, NJ 07039
                    Telephone: (973) 689-5952
                    Email: ksibanda@temple.edu

To: **BY ECF and by Hand upon Full Briefing**

Honorable Vernon S. Broderick

United States District Court

Southern District of New York

40 Foley Square,

Room 415 New York, NY 10007

**VIA ECF**

Cooperation Counsel

New York Law Department

Valerie E. Smith Esq (Assigned)

Attorney for Defendant

100 Church St.

New York, NY 10007

**CC: COLLEN McMAHON**

Chief judge SDNY.

ב"ה

**The Law Offices of Kissinger N. Sibanda, Esq.**

P.O. Box 714

Livingston, NJ 07039

Kissinger N. Sibanda, DC Bar #1017426

Telephone 973-689-5952

Email: ksibanda@temple.edu

February 10th, 2020

### United States District Court
### Southern District of New York

| | | |
|---|---|---|
| MOUSSA DIARRA, | ) | Civil No. 1:16-civ-07075(VSB) |
| *Plaintiff,* | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF NEW YORK, | ) | **MR. DIARRA'S LETTER** |
| *Defendant.* | ) | **MOTION TO UNSEAL** |
| | ) | **EVIDENCE FOR 50 (H)** |
| | ) | **HEARING:** |
| | ) | **Order (ECF - 225).** |
| | ) | |

Pursuant to Section 50-h of the General Municipal Law (GML), allowing a claimant to adduce evidence at their 50 (H) hearing. Mr. Diarra moves this Court to unseal photos of purported victim, submitted by plaintiff "Mr. Diarra," during summary judgment briefing,

in above referenced docket, for March 24th, 2020 hearing. This request is limited to the 50 (H) hearing only.

    There are no parties to this request, except for the claimant since the docket was closed and hearing is unopposed. The nature of the claim is attached. See, Exhibits 1 and 2.

    The revised order will unseal photos, order ECF- 225, to the extent and degree that they are viewed on March 24th, 2020 for the purposes of City of New York determining claim number **2020PI002330** at its 50 (H) hearing. See, Notice of Hearing, Exhibit 3.

    Attached are exhibits showing the nature of the new claim and the course of investigation now undertaken by City of New York, separate from its Law Department. *Id*.

    In addition, proof of the 50 (H) hearing is attached with this request. Exhibit 3. As well as the original order which sealed the photos. Exhibit 4. The original reasons for sealing the photos are all moot for purposes of this 50 (H) hearing. *Id*.

DATED:   LIVINGSTON, NEW JERSEY

February 10th, 2020

                              Respectfully Submitted,

                              /s/ Kissinger N. Sibanda

                              KISSINGER N. SIBANDA, ESQ.,
                              Attorney for the Plaintiff
                              P.O Box 714
                              Livingston, NJ 07039
                              Telephone: (973) 689-5952
                              Email: ksibanda@temple.edu

To: **BY ECF and by Hand upon Full Briefing**

Honorable Vernon S. Broderick

 United States District Court

Southern District of New York

40 Foley Square,

 Room 415 New York, NY 10007

**VIA ECF**

Cooperation Counsel

New York Law Department

Valerie E. Smith Esq (Assigned)

Attorney for Defendant

100 Church St.

New York, NY 10007

**CC: COLLEN McMAHON**

Chief judge SDNY.



**THE CITY OF NEW YORK**
**OFFICE OF THE COMPTROLLER**
**CLAIMS AND ADJUDICATIONS**
**1 CENTRE STREET  ROOM 1200**
**NEW YORK, N.Y.  10007-2341**

_____

**Scott M. Stringer**
**COMPTROLLER**

www.comptroller.nyc.gov

015 - 151

Date:	1/29/2020
Claim Number:  2020PI002330
RE:	Acknowledgment of Claim
Your Claim/Policy#:

MOUSSA DIARRA  c/o KISSINGER N SIBANDA
PO BOX 714
LIVINGSTON NJ  07039
KSIBANDA@TEMPLE.EDU

Dear Claimant:

   We acknowledge receipt of your claim, which has been assigned the claim number shown above. Please refer to this claim number in any correspondence or inquiry you may have with our office.

   We will do our best to investigate and, if possible, settle your claim. However, if we are unable to resolve your claim, **any lawsuit against the City must be started within one year and ninety days from the date of the occurrence.**

If you have any questions regarding your claim, you may contact us at 212-669-2478 for claims involving personal injury.

Sincerely,

Bureau of Law & Adjustment



**New York City Comptroller**
Scott M. Stringer

City Comptroller
1 Centre Street
New York, NY  10007

Form Version:   NYC-COMPT-BLA-PI1-D

# Personal Injury Claim Form

Electronically filed claims must be filed at the NYC Comptroller's Website. If your claim is not resolved within 1 year and 90 days from the date of occurrence you must start legal action to preserve your rights.

**I am filing:**  ○ On behalf of myself.     ● Attorney is filing.

○ On behalf of someone else. If on someone else's behalf, please provide the following information.

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Last Name: | DIARRA |
| First Name: | MOUSSA |
| Relationship to the claimant: | |

| | |
|---|---|
| Firm or Last Name: | The Law Offices of Kissinger N. Sibanda |
| Firm or First Name: | Kissinger N. Sibanda Esq |
| Address: | P.O. Box 714 |
| Address 2: | |
| City: | Livingston |
| State: | NEW JERSEY |
| Zip Code: | 07039 |
| Tax ID: | |
| Phone #: | (973) 689-5952 |
| *Email Address: | ksibanda@temple.edu |
| *Retype Email Address: | ksibanda@temple.edy |

**Claimant Information**

| | |
|---|---|
| *Last Name: | DIARRA |
| *First Name: | MOUSSA |
| *Address: | 370 E |
| Address 2: | 154 st. Apt 3 |
| *City: | Bronx |
| *State: | NEW YORK |
| *Zip Code: | 10455 |
| *Country: | USA |
| Date of Birth: |    *Format: MM/DD/YYYY* |
| Soc. Sec. # | |
| HICN: (Medicare #) | |
| Date of Death: |    *Format: MM/DD/YYYY* |
| Phone: | |
| *Email Address: | |
| *Retype Email Address: | |
| Occupation: | |
| City Employee? | ○ Yes   ● No   ○ NA |
| Gender | ● Male   ○ Female   ○ Other |

**The time and place where the claim arose**

| | |
|---|---|
| *Date of Incident: | 01/13/2020   *Format: MM/DD/YYYY* |
| Time of Incident: | 11:00AM   *Format: HH:MM AM/PM* |
| *Location of Incident: | Southern District of New York, Federal Courthouse.<br><br>By default the United States Supreme Court. |
| Address: | |
| Address 2: | |
| City: | |
| *State: | NEW YORK |
| Borough: | |

*** Denotes required fields. A Claimant OR an Attorney Email Address is required.**

New York City Comptroller
Scott M. Stringer

City Comptroller
1 Centre Street
New York, NY  10007

**\*Manner in which claim arose:**

This is a claim for violation of constitutional rights based on collusion between City of New York and the District judge Vernon S. Broderick who preceded over the matter in federal Court - 16-cv-07075. On January 13, 2020 the United States Supreme Court refused petitioner's rehearing petition. See, U.S. 19-553. See, Exhibit A.

FACTS:

On September 16, 2016 Mr. Diarra filed a lawsuit against City of New York under 42 USC 1983, See, 15- Cv-07075. As a counter measure, the two defendants then entered into a common scheme to oppress and defeat the ends of justice by extra-judicial means including illegal rulings on the docket. As an example, the District judge allowed Dara Weiss, a City lawyer to practice before him without filing a Notice of Appearance, Ms. Weiss then proceeded to submit filings and make other representations in Court in violation of SDNY LR 1.2.  These "Weiss," filings were crucial to winning the case. See, Exhibit B.

Other examples included failure to ask City of New York to give Mr. Diarra document "99," which he was entitled to see because  under FRCP 56.d under  summary judgment it is awarded when there are no material facts upon which the non-movant can contest. As well as a general condescending tone of Judge Broderick in ECF memos designed to discourage and humiliate plaintiff's case as frivolous and lacking the right to a jury.

During the course of this matter there was a marked favoritism expressed by the sitting judge Vernon Broderick which resulted in Mr. Diarra being treated unequal to any other litigant with similar facts. The favoritism included a false finding of: probable cause unsupported by modern civil case law and the factual predicate. Mr. Diarra was acquitted after a two day trial having been falsely arrested for "circumcising, infibulation and excising" his wife.

Mr. Diarra's trial had proceeded despite photos showing clearly that there was nothing wrong with the purported victim. Judge Broderick had insisted painstakingly, sua ponte, that these photos be sealed at the District level.

Despite the fact that no probable cause existed and the arresting Officer, Skorzewski, fabricated the arresting affidavit: Skorzewski did not interview any witnesses, visit the crime scene or speak with the complainant who only spoke French.  The medical report of victim was released the next day. See, Exhibit C. arrest affidavit. In addition, the arresting officer , Skorzewski, said he arrested Mr. Diarra based on "policy," the judge found nothing to be forwarded to a jury for final determination.  Mr. Diarra submits that such a finding was biased and a violation of his civil rights under 42 U.S.C 1983.

As a matter of record, the same District judge accepted and amended a false imprisonment claim against the City in 2017 before dismissing the case in 2018.

Furthermore Mr. Diarra submits that the non-judicial favoritism evidenced in the docket is not protected by judicial immunity as it it is non-judicial in its very nature - favoritism. Including, the hiding from the docket Mr. Diarra's police interrogation video, which shows clearly the behavior of the arresting officer in that there was no probable cause, which had to be filed twice.

A reading of the opinion of the judge is remarkable as it shows the judge seamlessly twisting facts in a deposition to make the case for the City of New York. The judge rather than render a summary judgment decision per FRCP 56, became a one man jury in violation of 42 U.S.C. 1983. See Exhibit D, Judge Broderick order.

Claim:

Under Collusion, 42 U.S.C 1983, Fourteenth Amendment Due Process clause and Equal Protection: Judge Broderick and City of New York conspired to take away Mr. Diarra's legal rights in the aforementioned underlying court matter. Mr. Diarra will move accordingly in a Court of law with a formal complaint. Judge Broderick was acting under color of law because he used the  power and prestige of his office to damage Mr. Diarra intentionally.

**\* Denotes required field.**

New York City Comptroller
Scott M. Stringer

City Comptroller
1 Centre Street
New York, NY  10007

**The items of damage or injuries claimed are (include dollar amounts):**

Moussa Diarra v. Vernon S. Broderick, City of New York.

Mr. Diarra is claiming both direct and proximate damages, from both defendants.

- Direct and Proximate damages from the underlying case which was tossed - $14,200,000. See, 16-cv-07075 (SDNY).

arising from Mr. Diarra's false arrest: Loss of liberty, intentional pain and suffering, and damage to reputation for slander per se.

- Punitive damages: $1,500,000.

Total  damages:  $15,700,000.



New York City Comptroller
Scott M. Stringer

City Comptroller
1 Centre Street
New York, NY  10007

## Medical Information

| Field | Value |
|---|---|
| 1st Treatment Date: | *Format: MM/DD/YYYY* |
| Hospital/Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Date Treated in Emergency Room: | *Format: MM/DD/YYYY* |
| Was claimant taken to hospital by an ambulance? | ☐ Yes   ☒ No   ☐ NA |

## Employment Information (If claiming lost wages)

| Field | Value |
|---|---|
| Employer's Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Work Days Lost: | |
| Amount Earned Weekly: | |

## Treating Physician Information

| Field | Value |
|---|---|
| Last Name: | |
| First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

## Witness 1 Information

| Field | Value |
|---|---|
| Last Name: | MOUSSA |
| First Name: | DIARRA |
| Address | 379 East |
| Address 2: | |
| City: | Bronx |
| State: | NEW YORK |
| Zip Code: | 10455 |
| Phone: | |

## Witness 2 Information

| Field | Value |
|---|---|
| Last Name: | COURT TRANSCRIBERS |
| First Name: | SDNY |
| Address | |
| Address 2: | |
| City: | New York |
| State: | NEW YORK |
| Zip Code: | 10017 |
| Phone: | |

## Witness 3 Information

| Field | Value |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Phone: | |

## Witness 4 Information

| Field | Value |
|---|---|
| Last Name: | |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Phone: | |



**New York City Comptroller**
Scott M. Stringer

City Comptroller
1 Centre Street
New York, NY  10007

**Complete if claim involves a NYC vehicle**

**Owner of vehicle claimant was traveling in**

| Field | Value |
|---|---|
| Last Name: | N/A |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Non-City vehicle driver**

| Field | Value |
|---|---|
| Last Name: | N/A |
| First Name: | |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |

**Insurance Information**

| Field | Value |
|---|---|
| Insurance Company Name: | N/A |
| Address | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |

**Non-City vehicle information**

| Field | Value |
|---|---|
| Make, Model, Year of Vehicle: | N/A |
| Plate #: | |
| VIN #: | |

**City vehicle information**

| Field | Value |
|---|---|
| Plate #: | |
| City Driver Last Name: | |
| City Driver First Name: | |

**Description of claimant:** ○ Driver  ○ Passenger  ○ Pedestrian  ○ Bicyclist  ○ Motorcyclist  ○ Other

**Total Amount Claimed:** $15,700,000.00     *Format: Do not include "$" or ",".*

The **Total Amount Claimed** can only be entered once the following required fields are entered:

Claimant Last Name
Claimant First Name
Claimant Address,City,State,Zip Code, and Country
Claimant Email or Attorney Email
Date of Incident
Location of Incident (including State)
Manner in which claim arose

*I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.*



245 Park Avenue | 39th Floor | New York, New York 10167
t: 585.454.5050  f: 585.454.5066

February 8, 2020

## NOTICE OF 50-H HEARING

015 - 280

Re: Claimant Name: Moussa Diarra

Claim Number: 2020PI002330

Dear Madam or Sir:

Please take notice that, pursuant to Section 50-h of the General Municipal Law (GML), claimant is mandated by law to appear at the following location, at the date and time specified below, to be orally examined under oath relative to the occurrence and extent of injuries for which the above claim is made:

Date of Hearing: 3/24/2020

Time of Hearing: 3:30:00 PM

Location of Hearing: Brown Hutchinson LLP
245 Park Avenue
39th Floor, Suite 89/90
New York, New York 10167
Telephone: 1-866-958-5973

The claimant should be accompanied by his/her attorney. Claimant is further mandated, pursuant to Section 93(d) of the New York City Charter and Section 50-h of the GML, to present him/herself for a physical examination at a date and location to be provided under separate cover.

Please note that all infant claimants must appear. The hearing will **begin promptly** at the time indicated and there will be no office space to meet with and prepare your client.

Upon receipt of this notice, please contact us if a language interpreter for your client is necessary. One day prior to the hearing, we will call your office to confirm the date and time of the hearing. If you confirm the hearing date at that time and you subsequently fail to appear for the hearing, you will be charged by the City for any legal fee, interpreter fee and stenographic fee incurred.

All applications for adjournments should be directed via e-mail to:
BHLLP@brownhutchinson.com.

Main Office: Two State Street | 925 Crossroads Building | Rochester, New York 14614
Limited Hours
Albany Office: 33 Elk Street | Ground Floor | Albany, New York 12207
Buffalo Office: 1207 Delaware Avenue | Suite 220 | Buffalo, New York 14209

Claimants will be permitted one adjournment without cause. Application for such adjournments should be made <u>at least</u> one week prior to the hearing date. Applications for additional adjournments must include the reason for the request, and will be granted for good cause **only**.

If a claimant fails to appear for a scheduled hearing, a default will be declared and claimant's failure to appear will be raised as an affirmative defense in any lawsuit subsequently filed.

In order to prevent fraud, you are required to present proper identification prior to commencement of the hearing. Additionally, you are requested to bring to the hearing original photographs of the accident scene and copies of all documents relevant to this claim including but not limited to:

(1) prior written notice map;
(2) all medical and hospital records;
(3) authorizations for the Comptroller's Office to obtain, as applicable, medical, criminal, employment and/or school records, and loss of income documentation; and
(4) police reports.

Pursuant to State and Federal law, the Comptroller's Office, through its attorneys taking hearings, is authorized to obtain, social security and Medicare or Medicaid numbers for tax and reporting purposes, and to allow for the collection of liens held by the City and State.

Please be advised that nothing contained herein shall be construed as extending the statute of limitations beyond the statutory time.

<u>Please note that the office does not provide day care services. Therefore infants and small children will not be permitted in the office.</u>

All questions with regard to this notice should be addressed to the undersigned at Brown Hutchinson LLP.

**Please be aware that filing a false claim or aiding and abetting the filing of a false claim is a crime. Violators will be prosecuted to the fullest extent of the law.**

    Sincerely,

    *Lolita Forsett*

    Lolita Y. Forsett
    Chief Administrator

cc: Comptroller's Office
    1 Centre Street
    New York, New York 10007

ב"ה

The Law Offices of Kissinger Sibanda, Esq.

22 Scotland Rd.

Orange, NJ 07050

Tel: 973-689-5952

Email: ksibanda@t[...]

Hon. Judge Broderick

40 Foley Square

Federal Courthouse

Room 518

New York, NY 10017

> APPLICATION GRANTED
> SO ORDERED [signature]
> VERNON S. BRODERICK
> U.S.D.J. 8/7/2018
>
> The Clerk of Court is respectfully directed to delete Documents 205, 206, 207, and 210 from the docket. Defendant is instructed to re-file his Declaration and attached exhibits in accordance with this sealing order.

June 29th, 2018

<u>Moussa Diarra v. City of New York 1:16-cv-07075 (VSB)(OTW)</u>

<u>Request to file under seal</u>

Hon. Judge Vernon S. Broderick,

Plaintiff, through Plaintiff's Counsel and Under Judge Broderick's Civil Rules of Practice <u>1A</u> and <u>5B</u> in compliance with Fed. R. Civ. P. 5.2, requests permission to file Exhibits 1 and Exhibit 2 to their Opposition of Summary Judgment Motion Under seal.

Documents will be filed with the Records Management Department, Room 370, Southern District Of New York, following instructions on sealed envelopes and CD format and kept as instructed.

1

A. <u>Relevance</u>:

Exhibits <u>1</u> and Exhibits <u>2</u>, contain graphic images of a woman's genitalia. In Exhibit 1, it is the purported victim, while in Exhibit <u>2</u> it is a series of demonstrative photos submitted for comparative reasons within the context of demonstrating the anatomy of female genitalia to an ordinary observer (non-medical). Both exhibits are relevant under Federal Rules of Evidence <u>401,</u> as they tend to support Plaintiff's case that arrest of Mr. Diarra was false and largely a product of the arresting officer's imagination.

B. <u>Legal argument</u>:

   i. Exhibit <u>1</u>: Under *Brown v. Kuhlmann,* 142 F.3d 529, 531, 533, 537– 38, 544(2d Cir. 1998); the Court has held that it might be necessary to have certain parts of a trial non-public. Here, Exhibit <u>1</u>, which shows the photos of the healthy genitalia of the purported victim, four months later, are invasive of her privacy; they would tend to have the effect of embarrassing her after these proceedings in both a private and work environment situation. Because this exhibit is of a grave private nature, Plaintiff submits that it is in the Public Interest to have them filed under seal.

   ii. Exhibit <u>2</u>:  Under *Brown v. Kuhlmann,* 142 F.3d 529, 531, 533, 537– 38, 544(2d Cir. 1998); Here, Exhibit <u>2</u> is taken from the internet and also shows female genitalia; because it shows female genitalia, there is a presumption it should be made private unless there is a pressing need for the public to have access. Plaintiff finds no pressing need for public to access an exhibit taken from the Internet's pornographic websites. See: *In re NBC Universal,* Inc., 426 F. Supp. 2d 49 (N.D.N.Y. 2006)

(discussing the press's needs). Exhibit 2's presence in the public docket can be substituted by filing under seal to protect the identity of the models, and to lift this case from being reduced to a pornographic slide show on the public docket.

Request:

Because of the graphic and private nature of Exhibits 1 and Exhibit 2 showing female genitalia, Plaintiff through Counsel moves to have these two Exhibits 1 and 2, filed under seal in conjunction with their opposition to summary judgment.

Thank you for your attention to this matter.

Cordially,

/*Kissinger N. Sibanda*/

Kissinger N. Sibanda, Esq

LL.M (Trial) – Temple LL.M (Trial) - Federal - California Western LL.B -with Honors (University of London)