

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**VALERIE E. SMITH**
*Senior Counsel*
Phone: (212) 356-2398
Fax: (212) 356-3509
vsmith@law.nyc.gov

February 12, 2020

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> APPLICATION GRANTED
> SO ORDERED [signature]
> VERNON S. BRODERICK
> U.S.D.J. 2/13/2020
>
> Plaintiff's timeliness objection is overruled. The Clerk of Court is respectfully directed to make a determination on costs.

Re:   Diarra v. City of New York
      16 CV 7075 (VSB) (OTW)

Your Honor:

      I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing Defendant City of New York in the above-captioned matter. Defendant writes in opposition to plaintiff's letter dated, February 10, 2020 in which plaintiff requests that the Court deny defendant's motion for costs as untimely. (ECF No. 254). Defendant submits that the Court should deny plaintiff's request, lift the stay on defendant's motion for costs, and allow the Clerk of the Court to render a decision on costs.

**THE LEGAL STANDARD:**

      Preliminarily, plaintiff misrepresents the legal standard for a motion for costs as well as the very language of FED. R. CIV. P. 54. Specifically, plaintiff claims that Rule 54(2)(B) states: "Timing and Contents of the Motion: Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment in which to renew their requests for costs." This is not the text of the Rule nor the proper standard for an application for costs.

      Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs against an unsuccessful litigant in federal district court.

> *Costs Other Than Attorney's Fees.* Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice.

> On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1). S.D.N.Y. Local Rule 54.1 governs the timing and mechanics of such applications:

> (a) Request to Tax Costs. Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation. Costs will not be taxed during the pendency of any appeal. Any party failing to file a request to tax costs within the applicable thirty (30) day period will be deemed to have waived costs. The request to tax costs shall be served upon each other party not less than seven (7) days before the date and time fixed for taxation. The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits.

*See Choi v. Citv of New York,* No. lO-CV-6617 (JPO), 2013 WL 1387021, at *1 (S.D.N.Y. Apr. 5, 2013). "The local rule states that a party seeking costs may do so within thirty days after the entry of final judgment." *Othman v. Benson*, No. 13-CV-4771 (NGG)(SJB), 2019 U.S. Dist. LEXIS 125014, at *3 (E.D.N.Y. July 25, 2019)(citing E.D.N.Y. Local Civ. R. 54.1(a)).

**APPLICATION**

As Your Honor is aware, judgment was entered in this case on September 21, 2018 and plaintiff filed a Notice of Appeal two days later. (ECF Nos. 240-241). Plaintiff's appeal was denied on August 16, 2019. ECF No. 242. Twenty days later, on September 5, 2019, defendant filed its motion for costs. (ECF Nos. 243-245). Therefore, in accordance with Local Rule 54.1, defendant's motion for costs was timely as it was filed within thirty days of the final disposition of the appeal.

Upon plaintiff's request, on September 19, 2019, the Court stayed defendant's motion pending resolution of his petition for *Writ of Certiorari*. (ECF Nos. 245-247). On November 29, 2019, defendant informed the Court that plaintiff's petition for *Writ of Certiorari* had been denied, requested the stay on defendant's motion for costs be lifted, and informed the Court that plaintiff intended to file a petition for re-hearing. (ECF No. 250). On December 2, 2019, the Court continued the stay on defendant's motion for costs and ordered the parties to file a status update once plaintiff's petition for rehearing was resolved. On January 13, 2020, plaintiff's petition for rehearing was denied. Plaintiff's counsel did not inform the undersigned or the Court that his petition for rehearing had been denied. Instead, he filed a notice of claim with the New York City Comptroller's Office in order to commence a new action separate and unrelated to the

claims alleged in this action. Given plaintiff's failure to inform the Court as to the final disposition, on February 10, 2020, defendant requested the Court lift the stay on the pending motion so that the Clerk of the Court can determine an award of costs. Defendants did not make a renewed application for costs, as that motion was properly before the Court prior to the stay. Once the stay is lifted, the motion, which is fully briefed, can be decided.

Lastly plaintiff accused defendant of filing its February 10, 2020 letter (ECF No. 253) in response to his motion to unseal. (ECF No. 252). This assertion is incorrect and inflammatory. "[C]osts are considered an incident of judgment rather than a punitive measure." *Moore v. Cty. Of Del.,* 586 F.3d 219, 221 (2d Cir. 2009) (quotation marks and citation omitted). "[A]n award of costs is the rule, not the exception." *Id*. Defendant was obligated to inform the Court as to the status of the case because plaintiff failed to do so. As such, defendant respectfully requests the Court deny plaintiff's request, lift the stay on the pending motion for costs, and refer this matter to the Clerk of the Court for a determination on costs.

Thank you for your consideration herein.

Respectfully submitted,

Valerie E. Smith
*Senior Counsel*

cc: **VIA ECF**
Kissinger Sibanda, Esq.
The Law Officers of Kissinger N. Sibanda
P.O. Box 714
Livingston, NY 07039
*Attorney for Plaintiff*