USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/19/2020

AO 133   (Rev 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

Southern   District of   New York

MOUSSA DIARRA,   Plaintiff

V.

CITY OF NEW YORK, Defendant

**BILL OF COSTS**

Case Number:  16 cv 7075 (VSB)(OTW)

Judgment having been entered in the above entitled action on ___9/21/2018___ against ___Plaintiff, Moussa Diarra___ ,
                                                                                              Date

the Clerk is requested to tax the following as costs:

| | |
|---|---|
| Fees of the Clerk ................................................. | $_____ |
| Fees for service of summons and subpoena ................................................. | _____ |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | _____ |
| Fees and disbursements for printing ................................................. | _____ |
| Fees for witnesses (itemize on page two) ................................................. | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case ............. | _____ |
| Docket fees under 28 U.S.C. 1923 ................................................. | 20.00 |
| Costs as shown on Mandate of Court of Appeals ................................................. | _____ |
| Compensation of court-appointed experts ................................................. | _____ |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... | _____ |
| Other costs (please itemize) ......  Deposition Transcript | 417.60  482.00 |

ENTERED AS PER THE ATTORNEY'S COURT ORDER
DATED 2/13/2020  Doc # 258                                   TOTAL   $   502.00

SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in all categories.   $437.60

---

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

☒   Electronic service by e-mail as set forth below and/or.

☐   Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney:   _Valerie E. Smith_

Name of Attorney:   Valerie E. Smith, Senior Counsel

For:   The City of New York                                      Date:   9/5/2019

                          Name of Claiming Party

Costs are taxed in the amount of   $437.60                      and included in the judgment.

_Ruby J. Krajick_                  By: _____          2/19/2020
Clerk of Court                          Deputy Clerk                    Date

AO 133 (Rev. 8/06) Bill of Costs

# UNITED STATES DISTRICT COURT

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | TOTAL | | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."



**Diamond**
Reporting & Legal Video
T.577.624.3287 • www.diamondreporting.com

FY18

NEW YORK CITY LAW DEPARTMENT
PIN # 02507X100A17
100 CHURCH STREET, FISCAL SECTION-ROOM 5-121
NEW YORK, NY 10007

BETH HOFFMAN, ESQ.

INVOICE NO.:  173188301
INVOICE DATE: 12/4/2017

REPORTER:
FLORENCE SYSKROT

DIARRA, MOUSSA VS CITY OF NEW YORK
INDEX NO: 16-CV-7075

LAW MANAGER NO./2016-038030 —SF
CONTROL NO: 167794

TAX ID #: 11-266-5545

BILLER ID: RT

| DATE | DESCRIPTION | | AMOUNT |
|------|-------------|---|--------|
| 11/8/2017 | DEPOSITION OF THE PLAINTIFF, | | |
| | MOUSSA DIARRA 109PGS + 11PGS W.I. | 3.6 | |
| | ORIGINAL & 2 COPIES - YOUR CHARGE | | 432.00 |
| | APPEARANCE (AM & PM) - YOUR CHARGE | | 50.00 |

*19.40 = 417.60*
*NOT ALLOWED*

*See Below*
*AND ATTACHED LETTER*
*FROM DIAMOND*

| | |
|---|---|
| SUB TOTAL | $482.00 |
| PAID | $0.00 |
| BALANCE DUE | $482.00 |

THIS CASE HAS BEEN UPLOADED INTO
**VOUCHERED** YOUR TRANSCRIPT REPOSITORY
THE DIAMOND VAULT

DATE: 1 / 2 / 18

$417.60

INV. AMT. PAID $ 482

V# 18 - 3569

INV. #18 - 173188301

SVS. PERIOD 11/8/17 TO

IG. 025 : B/C 0201 : DET. O

SF. DOC. CT 11 025 / 2015127782

** PLEASE NOTE PAYMENT TERMS ARE NET 30 DAYS **
WE ACCEPT ALL MAJOR CREDIT CARDS
WE ACCEPT WIRE TRANSFER - PLEASE CONTACT OUR OFFICE FOR DETAILS
PLEASE NOTE INVOICE NUMBER ON YOUR PAYMENT - THANK YOU

COPY

***PLEASE SEND PAYMENT TO: 16 COURT STREET, SUITE 907, BROOKLYN, NY 11241***

NYC LAW DEPARTMENT
RECEIVED
2017 DEC -6 PM 3:00

DIAMOND DEPOSITION CENTERS

New York Offices:
Manhattan, Brooklyn, Bronx,
Queens, Staten Island, Dutchess,
Melville, Mineola, Orange, Rockland,
Sullivan, White Plains, Ulster
••••••••••••
New Jersey

2017 DEC 11 PM 1:36

109
x 11
120
x .12
$14.40



**Diamond**

Reporting & Legal Video

December 23, 2016

Esther Tak
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007

Dear Ms. Tak:

You have inquired about the cost associated with the copies of a deposition when an original and two copies are delivered to the client, in this case, the New York City Law Department pursuant to its contract. The vast majority of the cost for the creation and delivery of "an original and two copies' of a deposition transcript is incurred by virtue of the appearance of the stenographic reporter at the deposition, the reporter's capture of the deposition by means of stenographic note taking, and the transformation of the reporter's stenographic notes into the word processed document that becomes the 'original' of the deposition transcript.

This holds true regardless of the time frame within which the transcript is generated (ten day turn-around, three day turn-around or overnight turn-around) and regardless of the type of Appearance fee (regular A.M. or P.M. session or weekend, evening, or holiday session).

Taking into account the cost of paper, the utilization of our copiers and associated labor costs for managing the reproduction, the cost for each page of photocopied transcript is approximately $0.12. This holds true for the first copy as well as the second copy. In order to ascertain, for reimbursement or other purposes internal to the Department, the cost of an original and one copy of a transcript, the Department would subtract from the total invoice cost a dollar amount derived by multiplying the total number of pages by $0.12 and subtracting that amount out of the original invoiced price.

Yours truly,

Jane Y. Sackheim
Diamond Reporting, Inc.

DEPOSITION CENTERS: Brooklyn ♦ Manhattan ♦ Queens ♦ Bronx ♦ Staten Island ♦ Nassau ♦ Suffolk ♦ Westchester
Orange ♦ Rockland ♦ Putnam ♦ Sullivan ♦ Dutchess ♦ Ulster ♦ New Jersey

16 Court Street, 9th Floor ♦ Brooklyn, NY 11241 ♦ 877.624.3287 ♦ Fax: 718.855.1772
www.diamondreporting.com



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

JAMES E. JOHNSON
*Corporation Counsel*

VALERIE E. SMITH
*Senior Counsel*
Phone  (212) 356-2398
Fax  (212) 356-3509
vsmith@law.nyc.gov

February 12, 2020

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 2/13/2020

Plaintiff's timeliness objection is overruled. The
Clerk of Court is respectfully directed to make a
determination on costs.

Re:   Diarra v. City of New York
       16 CV 7075 (VSB) (OTW)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City
of New York, representing Defendant City of New York in the above-captioned matter.
Defendant writes in opposition to plaintiff's letter dated, February 10, 2020 in which plaintiff
requests that the Court deny defendant's motion for costs as untimely. (ECF No. 254). Defendant
submits that the Court should deny plaintiff's request, lift the stay on defendant's motion for
costs, and allow the Clerk of the Court to render a decision on costs.

**THE LEGAL STANDARD:**

Preliminarily, plaintiff misrepresents the legal standard for a motion for costs as well as
the very language of FED. R. CIV. P. 54. Specifically, plaintiff claims that Rule 54(2)(B) states:
"Timing and Contents of the Motion: Unless a statute or a court order provides otherwise, the
motion must: (i) be filed no later than 14 days after the entry of judgment in which to renew their
requests for costs." This is not the text of the Rule nor the proper standard for an application for
costs.

Federal Rule of Civil Procedure 54(d)(1) governs the taxation of costs against an
unsuccessful litigant in federal district court.

> *Costs Other Than Attorney's Fees.* Unless a federal statute,
> these rules, or a court order provides otherwise, costs—
> other than attorney's fees—should be allowed to the
> prevailing party. But costs against the United States, its
> officers, and its agencies may be imposed only to the extent
> allowed by law. The clerk may tax costs on 14 days' notice.

> On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1). S.D.N.Y. Local Rule 54.1 governs the timing and mechanics of such applications:

> (a) Request to Tax Costs. Within thirty (30) days after the entry of final judgment, or, in the case of an appeal by any party, within thirty (30) days after the final disposition of the appeal, unless this period is extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a request to tax costs annexing a bill of costs and indicating the date and time of taxation. Costs will not be taxed during the pendency of any appeal. Any party failing to file a request to tax costs within the applicable thirty (30) day period will be deemed to have waived costs. The request to tax costs shall be served upon each other party not less than seven (7) days before the date and time fixed for taxation. The bill of costs shall include an affidavit that the costs claimed are allowable by law, are correctly stated and were necessarily incurred. Bills for the costs claimed shall be attached as exhibits.

*See Choi v. City of New York,* No. lO-CV-6617 (JPO), 2013 WL 1387021, at *1 (S.D.N.Y. Apr. 5, 2013). "The local rule states that a party seeking costs may do so within thirty days after the entry of final judgment." *Othman v. Benson*, No. 13-CV-4771 (NGG)(SJB), 2019 U.S. Dist. LEXIS 125014, at *3 (E.D.N.Y. July 25, 2019)(citing E.D.N.Y. Local Civ. R. 54.1(a)).

## APPLICATION

As Your Honor is aware, judgment was entered in this case on September 21, 2018 and plaintiff filed a Notice of Appeal two days later. (ECF Nos. 240-241). Plaintiff's appeal was denied on August 16, 2019. ECF No. 242. Twenty days later, on September 5, 2019, defendant filed its motion for costs. (ECF Nos. 243-245). Therefore, in accordance with Local Rule 54.1, defendant's motion for costs was timely as it was filed within thirty days of the final disposition of the appeal.

Upon plaintiff's request, on September 19, 2019, the Court stayed defendant's motion pending resolution of his petition for *Writ of Certiorari*. (ECF Nos. 245-247). On November 29, 2019, defendant informed the Court that plaintiff's petition for *Writ of Certiorari* had been denied, requested the stay on defendant's motion for costs be lifted, and informed the Court that plaintiff intended to file a petition for re-hearing. (ECF No. 250). On December 2, 2019, the Court continued the stay on defendant's motion for costs and ordered the parties to file a status update once plaintiff's petition for rehearing was resolved. On January 13, 2020, plaintiff's petition for rehearing was denied. Plaintiff's counsel did not inform the undersigned or the Court that his petition for rehearing had been denied. Instead, he filed a notice of claim with the New York City Comptroller's Office in order to commence a new action separate and unrelated to the

2

claims alleged in this action. Given plaintiff's failure to inform the Court as to the final disposition, on February 10, 2020, defendant requested the Court lift the stay on the pending motion so that the Clerk of the Court can determine an award of costs. Defendants did not make a renewed application for costs, as that motion was properly before the Court prior to the stay. Once the stay is lifted, the motion, which is fully briefed, can be decided.

Lastly plaintiff accused defendant of filing its February 10, 2020 letter (ECF No. 253) in response to his motion to unseal. (ECF No. 252). This assertion is incorrect and inflammatory. "[C]osts are considered an incident of judgment rather than a punitive measure." *Moore v. Ctv. Of Del.,* 586 F.3d 219, 221 (2d Cir. 2009) (quotation marks and citation omitted). "[A]n award of costs is the rule, not the exception." *Id.* Defendant was obligated to inform the Court as to the status of the case because plaintiff failed to do so. As such, defendant respectfully requests the Court deny plaintiff's request, lift the stay on the pending motion for costs, and refer this matter to the Clerk of the Court for a determination on costs.

Thank you for your consideration herein.

Respectfully submitted,

Valerie E. Smith

Valerie E. Smith
*Senior Counsel*

cc:     **VIA ECF**
        Kissinger Sibanda, Esq.
        The Law Officers of Kissinger N. Sibanda
        P.O. Box 714
        Livingston, NY 07039
        *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

MOUSSA DIARRA,

                                        Plaintiff,
                -against-

CITY OF NEW YORK

                                        Defendant.

------------------------------------------------------------------- x

**DECLARATION IN
SUPPORT OF
DEFENDANT'S
APPLICATION FOR
COSTS AGAINST
PLAINTIFF**

16 cv 7075 (VSB)(OTW)

VALERIE E. SMITH, declares pursuant to 28 U.S.C. §1746 and under penalty of perjury
that:

1.      I am a Senior Counsel in the Office of the Corporation Counsel of the City
of New York, counsel for the Defendant in this action. As such, I am familiar with the facts and
circumstances set forth herein.

2.      I submit this Declaration in support of the Defendant's Bill of Costs and
application for an award of costs against Moussa Diarra ("plaintiff") in this action.

3.      On or about September 10, 2016, plaintiff initiated this action by filing a
complaint in the United States District Court, Southern District of New York, located at 500
Pearl Street, New York, New York 10007. On or about September 19, 2017, plaintiff
subsequently filed an Amended Complaint in this action alleging constitutional violations
pursuant to 42 U.S.C. § 1983 and under New York State law in connection with his arrest on
September 23, 2014.

4.      On January 22, 2018, the Defendant served and filed a Motion for
Summary Judgment in the instant action. Following plaintiff's filing of his opposition papers,

the Defendant thereafter served and filed a Reply in Support of their Motion for Summary Judgment on February 12, 2018.

5.      On September 20, 2018, the Court issued its Opinion and Order granting Defendant's Motion for Summary Judgment in its entirety.

6.      On September 21, 2018, to close this matter, the Clerk of the Court executed and entered Judgment, a copy of which is annexed hereto as **Exhibit "A"**.

7.      On or about September 24, 2018, plaintiff filed a Notice of Appeal in the United States Court of Appeals for the Second Circuit as to the Opinion and Order of the United States District Court for the Southern District (Broderick, U.S.D.J).

8.      On June 21, 2019, the United States Court of Appeals for the Second Circuit affirmed the judgment of the United States District Court for the Southern District of New York. A copy of the Mandate, issued by the United States Court of Appeals for the Second Circuit and entered by the Court on August 16, 2019, is attached hereto as **Exhibit "B"**.

9.      As the prevailing party, the Defendant is entitled to costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.1(c)(2) of the Local Civil Rules of the Southern District of New York, insofar as judgment was entered in favor of the Defendant.

10.     Defendant submits a Bill of Costs dated September 5, 2019 for a total of $502.00 attached hereto as **Exhibit "C"**. The costs claimed are correctly stated, are allowable by law, and were necessarily incurred as stated herein.

11.     Defendant submits a bill for the cost of the deposition transcript of plaintiff, conducted on November 8, 2017, that was necessarily obtained during discovery, and that was used in the preparation of, as well as excerpts of which were submitted to the Court as

2

an exhibit to, the Defendant's motion papers. Defendant is entitled to this cost in the amount of $482.00 as the prevailing party. A true copy of the invoice from Diamond Reporting, Inc. ("Diamond"), the court stenographer, is annexed hereto as **Exhibit "D"**.

12.     Notably, the invoice from the court stenographer for the deposition referenced that an original and two copies of the deposition transcript were provided.

13.     The Agency Chief Contracting Officer ("ACCO") of the New York City Law Department has confirmed that, pursuant to a contract then in effect between Diamond and the New York City Law Department, an original and two copies of a transcript are provided when this office requests a deposition to be recorded by stenographic means.

14.     This office's contract with Diamond provided for a unit cost of $3.60 per page (the "unit cost"). This per page unit cost of the transcript included the requirement that Diamond furnish two copies of the transcript. A copy of a letter from Diamond Reporting, Inc. to this office dated December 23, 2016, reflecting the costs of its services provided through this office's contract, is annexed hereto as **Exhibit "E"**.

15.     Had the Defendant requested only an original and one copy, the Defendant would have had to pay the same contractual unit cost per page. Therefore, the copies of the transcript were not obtained at an additional cost.

16.     Nonetheless, to the extent that the Court determines that some reduction in the cost of the transcript is appropriate, the proper rate for duplication of the second copy of the transcript is $0.12 per page, as referenced in the aforementioned letter to this office from Diamond.

17.     Further, the Defendant is entitled to an additional $20.00 pursuant to 28 U.S.C. § 1923.

3

18. Thus, the total costs incurred by the Defendant in the defense of this action

pursuant to Local Rule 54.1 are $502.00.

**WHEREFORE**, it is respectfully requested that the Clerk issue an order granting

the Defendant costs in the amount of $502.00.

Dated:     New York, New York
           September 5, 2019

                                                    /s/
                                          _____
                                          Valerie E. Smith
                                          *Senior Counsel*
                                          *Special Federal Litigation Division*

cc:     VIA ECF
        Kissinger Nkosinathi Sibanda, Esq.
        Kissinger N. Sibanda Attorney At Law
        22 Scotland Rd
        Orange, NJ 07050
        Tel.: (862)-704-3305
        Email: ksibanda@temple.edu
        *Attorney for Plaintiff*

4

# EXHIBIT A

Case 1:16-cv-07075-VSB-OTW   Document 240   Filed 09/21/18   Page 1 of 1

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 9/21/18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

MOUSSA DIARRA,

Plaintiff,                    16 **CIVIL** 7075 (VSB)

-against-                    **JUDGMENT**

CITY OF NEW YORK,

Defendant.
-------------------------------------------------------------X

It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons

stated in the Court's Opinion and Order dated September 20, 2018, Defendant's motion for

summary judgment is GRANTED; accordingly, the case is closed.

Dated: New York, New York
       September 21, 2018

**RUBY J. KRAJICK**

Clerk of Court

BY:    _____
       Deputy Clerk

# EXHIBIT B

# MANDATE

18-2821
Diarra v. City of New York

N.Y.S.D. Case #
16-cv-7075(VSB)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
21st day of June, two thousand nineteen.

Present:  PIERRE N. LEVAL,
          ROSEMARY S. POOLER,
          BARRINGTON D. PARKER,
                    *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Aug 16 2019

---

MOUSSA DIARRA,

                    *Plaintiff-Appellant,*

          v.                                                18-2821-cv

CITY OF NEW YORK,

                    *Defendant-Appellee.*

---

Appearing for Appellant:  Kissinger Nkosinathi Sibanda, Orange, N.J.

Appearing for Appellee:   Jamison Davies, Assistant Corporation Counsel (Richard Dearing,
                          Assistant Corporation Counsel, *on the brief), for* Zachary W.
                          Carter, Corporation Counsel of the City of New York, New York,
                          N.Y.

Appeal from the United States District Court for the Southern District of New York (Broderick,
*J.*).

MANDATE ISSUED ON 08/16/2019

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellant Moussa Diarra appeals from the September 21, 2018, judgment of the United States District Court for the Southern District of New York (Broderick, *J.*), granting summary judgment to the City of New York (the "City") on Diarra's federal civil rights claims, brought pursuant to 42 U.S.C. § 1983, and related state-law claims. *Diarra v. City of New York*, No. 16-CV-7075 (VSB), 2018 WL 4538903, at \*1 (S.D.N.Y. Sept. 20, 2018). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"This court reviews a district court's grant of a motion for summary judgment de novo, construing the evidence in the light most favorable to the non-moving party." *Irby v. N.Y.C. Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) (internal quotation marks omitted). "All ambiguities must be resolved in favor of the non-moving party and all permissible inferences from the factual record must be drawn in that party's favor." *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Diarra has sued only the City. He alleges that the City is liable because he was arrested pursuant to an unconstitutional City policy. "Under the standards of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see also Monell*, 436 U.S. at 690-91. "Absent such a custom, policy, or usage, a munioipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones*, 691 F.3d at 80.

Here, as the district court correctly held, Diarra came forward with no evidence demonstrating that the alleged deprivations of his federal constitutional rights were the result of a municipal custom, policy, or usage. *See Diarra*, 2018 WL 4538903, at \*5-6. The only evidence of any municipal policy was the deposition testimony of the arresting officer who stated that the decision to arrest Diarra was based "[m]ostly [on] NYPD policy." App'x at 86. The officer described that "policy" as follows: "It was a domestic arrest, meaning they [i.e., Diarra and his then-wife who accused Diarra of physical and sexual assault] have an intimate relationship. There's a victim. There were the hospital reports." App'x at 86. The officer provided the following further description of that City policy: "[It was not] necessarily a written rule that the NYPD has, but if you have a complainant witness and medical evidence showing, in this case this assault, then there's probable cause to make an arrest." App'x at 88.

That testimony merely supports the proposition, as the district court observed, that the New York City Police Department "has a policy of making arrests based on probable cause," and that, "generally, when there is a complaining witness and corroborating medical evidence demonstrating assault, there is probable cause." *Diarra*, 2018 WL 4538903, at \*5. There is nothing unconstitutional about such a policy. *See, e.g., Stansbury v. Wertman*, 721 F.3d 84, 90

2

(2d Cir. 2013) ("[A]bsent circumstances that raise doubts as to the victim's veracity, a victim's identification is typically sufficient to provide probable cause." (internal quotation marks omitted)); *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("[P]olice officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed."). The district court thus properly granted summary judgment to the City on Diarra's federal claims.

The district court also granted the City summary judgment on Diarra's state-law claims because Diarra "failed to submit any evidence that he complied with New York's notice-of-claim provisions before bringing this action." *Diarra*, 2018 WL 4538903, at *6. Diarra argues that New York's notice-of-claim requirement, N.Y. Gen. Mun. Law § 50-i(1), is preempted in Section 1983 litigation. That is true as to Diarra's Section 1983 claims. *See Felder v. Casey*, 487 U.S. 131, 138 (1988). It is not true as to Diarra's state-law claims. To the contrary, the district court was "obligated to apply [New York's] notice-of-claim provision" to Diarra's state-law claims. *Id.* at 151. Under New York law, "[a] notice of claim is a condition precedent to bringing a tort claim against a municipality." *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 358 (1981). "Failure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999); *see also, e.g., Kassapian v. City of New York*, 65 N.Y.S.3d 562, 566 (2d Dep't 2017) ("The Supreme Court properly granted dismissal of the cause of action alleging violations of the State Constitution on the ground that the plaintiff failed to serve a notice of claim."). Diarra's argument is thus without merit.

Diarra next argues that vacatur is required because the district judge who presided over his case appeared biased and should have recused himself. The bulk of Diarra's "complaints about the district judge center on judicial rulings, ordinary [case] administration efforts, and relatively routine commentary on the positions and conduct of the parties in the litigation." *SEC v. Razmilovic*, 738 F.3d 14, 30 (2d Cir. 2013). Diarra points to "no objective basis for attributing" those judicial acts "to bias." *Id.* Regarding the district judge's past position with the City, Diarra makes no suggestion that Judge Broderick had any role with the City when the events at issue in this case took place such that one could even remotely conclude that he had "participated as counsel, adviser or material witness concerning the proceeding." *See* 28 U.S.C. § 455(b)(3). In sum, we identify no hint of actual or apparent bias on the part of the district judge.

We have considered the remainder of Diarra's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit
Catherine O'Hagan Wolfe

3

# EXHIBIT D

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

MOUSSA DIARRA,

                 -against-

CITY OF NEW YORK

                              Plaintiff,

                              Defendant.

**NOTICE OF
APPLICATION FOR
COSTS SOUGHT AGAINST
PLAINTIFF**

16 cv 7075 (VSB)(OTW)

------------------------------------------------------------------------ x

**PLEASE TAKE NOTICE** that, upon Defendant's Bill of Costs, the Declaration of Senior Counsel Valerie E. Smith dated September 5, 2019, and the exhibits annexed thereto, and all other pleadings and proceedings herein, the Defendant will move this Court before the Orders and Judgment Clerk, at the United States Courthouse for the Southern District of New York, located at 40 Foley Square, New York, New York 10007 on September 20, 2019 at 11:30A.M., or as soon thereafter as counsel may be heard, at a time and date to be determined as convenient by the Court, for an order pursuant to Rules 54 of the Federal Rules of Civil Procedure, Local Civil Rule 54.1, and 28 U.S.C. §§ 1920 and 1923 granting fees and costs sought by the Defendant and granting such other relief that this Court deems proper.

Date: New York, New York
      September 5, 2019

                         **ZACHARY W. CARTER**
                         Corporation Counsel of the
                           City of New York
                         *Attorney for Defendant*
                         100 Church Street
                         New York, New York 10007
                         Tel.: (212) 356-2398

                     By:

                                 /s/
                         _____
                         Valerie E. Smith
                         *Senior Counsel*
                         *Special Federal Litigation Division*

TO: VIA ECF
Kissinger Nkosinathi Sibanda, Esq.
Kissinger N. Sibanda Attorney At Law
22 Scotland Rd
Orange, NJ 07050
Tel.: (862)-704-3305
Email: ksibanda@temple.edu
*Attorney for Plaintiff*

16 cv 7075 (VSB)(OTW)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOUSSA DIARRA,

Plaintiff,

-against-

CITY OF NEW YORK

Defendant.

**NOTICE OF APPLICATION FOR COSTS, BILL OF**
**COSTS, AND DECLARATION IN SUPPORT OF**
**DEFENDANT'S APPLICATION FOR COSTS**
**AGAINST PLAINTIFF AND ANNEXED EXHIBITS**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Valerie E. Smith*
*Tel: (212) 356-2398*
*NYCLIS No. 2015-036757*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................................................................................... , 201*

*.................................................................................................... Esq.*

*Attorney for ........................................................................... ....................*

# EXHIBIT C



THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

**VALERIE E. SMITH**
*Senior Counsel*
Phone (212) 356-2398
Fax (212) 356-3509
vsmith@law.nyc.gov

**BY ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

November 29, 2019

APPLICATION DENIED.
SO ORDERED **Vernon Brad**
VERNON S. BRODERICK
U.S.D.J. 12/2/2019
The parties are directed to file a status update once Plaintiff's anticipated petition for a rehearing is resolved.

Re:   Diarra v. City of New York
16 CV 7075 (VSB) (OTW)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, representing Defendant City of New York in the above-captioned matter. Pursuant to Court's Order dated September 19, 2019, (ECF No. 247) defendant writes to provide the Court with a status report.

As Your Honor is aware, defendant's motion for costs was stayed pending the resolution plaintiff's application to the United States Supreme Court. *See* ECF No. 247. However, upon information and belief, plaintiff's petition for *Writ of Certiorari* was denied by the United States Supreme Court on November 25, 2019. As such, defendant City requests that the stay be lifted so that the Court may render a decision on the pending motion for costs. As of September 7, 2019, the motion for costs was fully briefed and is ready for decision. *See* ECF Nos. 243-245.

Defendant conferred with plaintiff's counsel Kissinger Sibanda, Esq., in an effort to submit a joint letter to the Court. However, plaintiff's counsel indicated that he could not join in this letter because "plaintiff intends to petition for a rehearing."

Thank you for your consideration herein.

Respectfully submitted,

*Valerie E. Smith*

Valerie E. Smith
*Senior Counsel*

cc:   **VIA ECF**
Kissinger Sibanda, Esq.
*Attorney for Plaintiff*



THE CITY OF NEW YORK

**GEORGIA M. PESTANA**
*Acting Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY `····`

**VALERIE E. SMITH**
*Senior Counsel*
`····`) 356-2398
:) 356-3509
*'aw.nyc.gov*

APPLICATION GRANTED
SO ORDERED *Λ·····*
**VERNON S. BRODERICK**
**U.S.D.J.** 9/19/2019

**BY ECF**

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

The parties shall submit a joint status update no later than two weeks after the resolution of any appeal.

Re:     Diarra v. City of New York
        16 CV 7075 (VSB) (OTW)

Your Honor:

I am a Senior Counsel in the office of Georgia M. Pestana, Acting Corporation Counsel of the City of New York, representing Defendant City of New York in the above-captioned matter. Defendant writes in response to plaintiff's letter dated September 7, 2019.

By way of background, on August 16, 2019, the Clerk for the Second Circuit Court of Appeals filed a Mandate, affirming Your Honor's grant of summary judgment in favor of defendant. On September 5, 2019, defendant filed an application for costs. On September 7, 2019, plaintiff filed an objection to defendant's application for costs. Therein, plaintiff asks that the Court deny defendant's cost application, as plaintiff intends to file a further appeal with the Supreme Court.

Defendant respectfully requests that the Court stay defendant's application for costs pending resolution of plaintiff's appeal to the Supreme Court of the United States. Defendant further respectfully requests that the Court compel plaintiff to provide notice when he files his petition with the United States Supreme Court.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Valerie E. Smith
*Senior Counsel*

cc:   **VIA ECF**
Kissinger Sibanda, Esq.
Admitted Pro Hac Vice
*Attorney for Plaintiff*

- 2 -

*Do Nothing City is going to write*

*a Letter to Judge Sircos as 15aw 3479*

**United States District Court**
**Southern District of New York**   *Doc# 57*

---

| | |
|---|---|
| MOUSSA DIARRA | ) 1-16-07075-VSB-OTW |
| *Plaintiff,* | ) |
| | ) **DECLARATION OF** |
| v. | ) **KISSINGER N. SIBANDA IN** |
| | ) **OPPOSSITION TO** |
| CITY OF NEW YORK | ) **DEFENDANT'S REQUEST** |
| *Defendant.*)) | **FOR COSTS.** |
| | ) |
| | ) |
| | ) |

---

Kissinger N. Sibanda Esq, an attorney duly admitted to practice in the District of Columbia, in this matter, The United States Court of Appeals for the Second Circuit and The United States Supreme Court - declares under penalty of perjury. Pursuant to 28 U.S.C. §1746, under penalty of perjury, that the following is true and correct:

I am an attorney for the plaintiff in this matter. As such, I am familiar with the facts stated in this matter. This opposition is meritorious and addresses defendant's demand for taxation.

I submit this declaration in support of plaintiff's Opposition to Defendant's demand for costs.

1

## Supreme Court Appeal is pending.

1. This request for costs is inopportune as a writ of certiorari, herein cert, is pending before the United States Supreme Court.

2. Pursuant to Supr. Ct. Rule. 13, petitioner has 90 days to file a cert from August 9th, 2019 the date a *rehearing en banc* was denied. This timely window to file a cert has not been exhausted for petitioner.

3. In Civil rights litigation, a matter is only final when all appeals are exhausted and cert is either denied or granted by the supreme court if so filed, it is then that a lower court grants costs to the winner. Here, the matter is pending before the Supreme Court.

4. District Court should not abuse its discretion and instead should wait for outcome of petitioner's petition for cert with the United States Supreme Court.

5. This matter raises serious concerns as to definition of probable cause; policy in *Monell* litigation, judicial favoritism, as the facts are unique on a national scale and conflict with judicial law in other circuits. For one, the District Court's decision ignored a "totality of evidence," at the time of arrest; this has been raised

2

with the Second Circuit and is now before the Supreme Court. An expectation that the United States Supreme Court will also ignore the "totality of evidence," is not to understand the function and nature of judicial Supreme court review.

## City of New York Chose to Litigate.

6. Plaintiff also asserts that it was defendant who chose to defend by means of litigation as opposed to taking advantage of any mediation or offers of settlement. Plaintiff has offered defendant, even during Second Circuit appeal, an olive branch to settle this matter based on a moral principle of what is right and what is wrong in the eyes of God, but defendant refuses and instead chose to litigate; this is their right and their chose, but not at the plaintiff's expense.

7. Subsequently, it was defendant's choice to depose Mr. Diarra and incur costs, in order to defend their client – this cost was necessary for what the defendant chose to do. It was not imposed by plaintiff nor was plaintiff's case frivolous. *See*, 28 U.S.C. § 1927.

8. As a matter of record, Defendant City of New York never used any testimony from Mr. Diarra's deposition to argue and support their

3