ב"ה

**The Law Offices of Kissinger N. Sibanda, Esq.**

P.O. Box 714

Livingston, NJ 07039

Kissinger N. Sibanda, DC Bar #1017426

Telephone 973-689-5952

Email: ksibanda@temple.edu

August 12th, 2020

# United States District Court
## Southern District of New York

| | |
|---|---|
| MOUSSA DIARRA, ) | Civil No. 1:16-civ-07075 (VSB) |
| *Plaintiff*, ) | (OTW) ( Closed) |
| ) | |
| V. ) | |
| ) | |
| CITY OF NEW YORK, ) | |
| *Defendant.* ) | **MR. DIARRA'S THIRD** |
| ) | **LETTER REQUEST TO** |
| ) | **TRANSMIT A COPY OF** |
| ) | **SEALED PHOTOS VIA** |
| ) | **SECURED EMAIL TO NY** |
| ) | **CITY COMPTROLLER'S** |
| | **OFFICE FOR PURPOSES** |
| | **OF CLAIM INVESTIGATION** |
| | **DUE TO COVID-19.** |

Your Honor:

**Ref: City of New York determining claim number 2020PI002330:**

*Moussa Diarra v. City of New York, New York Law Department, Vernon S. Broderick, Lucasz Skorzewski, Dara Lynn Weiss:*

    This is the third request. The second request is dated May 1st, 2020 was ignored. Mr. Diarra renews this request in light of the claim, 2020PI002330.

    Mr. Diarra requests permission to transmit an email copy of sealed photos (Mrs. Diarra), in his possession, to Comptroller's office as part of Comptroller's claim investigation via secure email due to ongoing COVID-19 pandemic.

    Pursuant to Section 50-h of the General Municipal Law (GML), allowing a claimant to adduce evidence at their 50 (H) hearing. Mr. Diarra moves this Court to allow transmission of a copy of sealed photos to Comptroller's office for claim investigation via email.

    Because the 50 (H) hearing was postponed due to COVID-19, Mr. Diarra was unable to adduce sealed photos of Mrs. Diarra at the hearing on March 24th, 2020. Subsequently, Mr. Diarra's claim is now being handled directly by the comptroller's office.

    Mr. Diarra would like to transit an email copy of sealed photos by secure email to a contact at comptroller's office handling this claim's determination. This is central to Mr. Diarra's current notice of claim for collusion to deny equal rights guaranteed by the Constitution's Seventh Amendment: a human rights violation, against defendants.

<u>Collusion and relevancy of sealed photos[1]</u>:

The photos are relevant under FRE <u>401</u> because they show that no rape kit was ever made at the time of the actual arrest / incident – no photos of Mrs. Diarra were taken before the arrest - instead photos showing Mrs. Diarra's healthy genitalia were then taken four-five months later.

The photos of Mrs. Diarra are further relevant because they show visually that the arrest of Mr. Diarra for "circumcision and excision," was a complete fabrication with no scientific or medical basis to assert a "policy of probable cause" during the arrest. This arrest could have been avoided if legal probable cause was followed not departmental policy. It further raises the question why the police investigation did not even warrant making a rape kit at the time of arrest if this is legal probable cause as defined in law books and case law?

These photos, as you are aware, support Mr. Diarra's new claim of collusion to undermine the law and its legal meaning by defendants in the first federal civil rights matter of Mr. Diarra. A collusion which involved ignoring facts ( Police interrogation video of Mr. Diarra and photos of Mrs. Diarra); misstating and misapplying established law ( probable cause, Seventh Amendment, and Rule 56 standard) and abuse of proceedings by various parties. Including the documented abuse at Mr. Skorzewski's deposition, at which Skorzewski lied under oath and is now subject to a Federal Criminal complaint for perjury. See, Exhibit <u>A</u>.

---

[1] The affirmation of the District Court's order by the Second Circuit is not binding precedent and has little or no <u>jurisprudential value,</u> depending on the District judge's interpretation - rendering the District Court's order in the first Diarra matter non-binding precedent. By its nature, this order is subject to a weaker standard of reversal should the summary order come under review by a different panel of the Second Circuit or a different District judge.

DATED:   LIVINGSTON, NEW JERSEY
August 12th, 2020

                        Respectfully Submitted,

                        /s/ Kissinger N. Sibanda
                        KISSINGER N. SIBANDA, ESQ.,
                        Attorney for the Plaintiff
                        P.O Box 714
                        Livingston, NJ 07039
                        Telephone: (973) 689-5952
                        Email: ksibanda@temple.edu

To: **BY ECF**

Honorable Vernon S. Broderick

 United States District Court

Southern District of New York

40 Foley Square,

 Room 415 New York, NY 10007


**VIA ECF**

Cooperation Counsel - James Johnson

New York Law Department

Valerie E. Smith Esq (Assigned)

Attorney for Defendant

100 Church St.

New York, NY 10007


**CC: COLLEN McMAHON**

Chief Judge SDNY.