ב"ה

**The Law Offices of Kissinger N. Sibanda**

P.O. Box 714

Livingston, NJ 07039

Kissinger N. Sibanda, DC Bar #1017426

Telephone 973-689-5952

Email: ksibanda@temple.edu

April 9th, 2021

> **APPLICATION DENIED**
> **SO ORDERED**
> **VERNON S. BRODERICK**
> **U.S.D.J.**   09/29/2022
>
> Consistent with my February 11, 2020 Order, (Doc. 255), Plaintiff originally filed the documents on the docket and, as stated in his letter, possesses copies of the documents that were eventually filed under seal. Therefore, Plaintiff has permission to use any copies of the documents in his possession solely in connection with the National Action Network investigation.

### United States District Court
### Southern District of New York

| | |
|---|---|
| MOUSSA DIARRA, | ) Civil No. 1:16-civ-07075(VSB) |
| | ) (OTW)(closed) |
| *Plaintiff,* | ) |
| | ) |
| V. | ) **LETTER MOTION:** |
| | ) |
| CITY OF NEW YORK, | ) **REQUEST TO SHARE** |
| | ) **COPIES OF SEALED** |
| *Defendant.* | ) **DOCUMENTS, WITH** |
| | ) **NATIONAL ACTION** |
| | ) **NETWORK FIELD** |
| | ) **DIRECTOR DEREK** |
| | ) **PERKINS, IN PERSON.** |
| | ) |
| | ) **(Unopposed)** |
| | ) |

**Background:**

On March 26th, 2021, the field coordinator Derek Perkins sent me an email requesting to see copies of the sealed photos of the victim in the matter 1-16-cv- 07075 (VSB). *See*, Exhibit - <u>A:</u> email request. The case, 1-16-cv-07075 (VSB)(OTW), its decision, subsequent appeals and the way it was handled is now subject of an investigation by the Second Circuit judicial committee, as well as being subject to a pending Second Notice of Claim, alleging 1-16-cv-07075 (VSB)(OTW) was determined by favouritism and corruption. *See*, Exhibit - <u>B</u> – Notice of claim.

National Action Network is a well established organization which deals with Civil rights advocacy. Headed by the Rev. Al Sharpton, NAN is accredited and accepted by most objective people as a *bonafide* civil rights organization in the country, with a historic record of successfully advocating for people's constitutional rights[1]. Contemporaneous with this motion is a request to submit a letter motion which exceeds three pages.

---

[1] See, Abner Louimar, Mamadou Diallo, Sean Bell and Eleanor Bumpers matters.

DIARRA v. CITY OF NEW YORK 1:16-cv-07075 (VSB)(CLOSED)

2

**Need:**

The need to see evidence before advocating on a matter, for any civil rights organization, is a relevant and legitimate step for any reputable civil rights organization, here NAN[2]. *See*, argument *infra*.

This letter motion having reached out to New York Law department on April 1st, 2021 to see if it was opposed is unopposed. This motion is *not* to unseal but to share with Derek Perkins, the National Action Network field director a copy of photos which were central to Mr. Diarra's false arrest for "circumcision of genitalia."

**Argument:**

**(1) Mr. Diarra has a right to evidence held in Chambers under Equal Protection Law:**

Pursuant to the Fourteenth Amendment's Equal Protection clause , stating that:
…No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

---

[2] NAN doe snot have a second

3

Mr. Diarra has a right to obtain and adduce evidence in proceedings to which he is a party as an extension of his right to equal protection. Here, NAN wishes to advocate for Mr. Diarra, this is a valid public and advocacy reason. Any evidence that has a tendency to properly help in asserting his equal protection should be released for this purposes only. See generally, *Jencks v. United States*, 353 U.S. 657 (1957); *Giglio v. United States*, 405 U.S. 150 (1972); and *Brady v. Maryland*, 373 U.S. 83 (1963).

Here, Mr. Diarra is requesting to share copies of the photos with a reputable Civil Rights Organization (NAN) before NAN engages in public advocacy on his behalf. Mr. Diarra has a right to this exculpatory evidence for purposes and the nature of this advocacy. *Id.*

The photos of the victim are exculpatory and show that Mr. Diarra, arrested for "cutting clitoris" was falsely arrested as that never happened per photos. As such they fall within the broader holding of Brady; that a person has a right to exculpatory evidence held by others.

**(2) Mr. Diarra Has a Substantive right (right to liberty) in These Proceedings Under Substantive Law:**

Furthermore, pursuant *to United States v. Carolene Products Company*, 304 U.S. 144 (1938) (see footnote 4); stating the limits and process for substantive due process. The **taking** of the right[3] to present evidence, should comply with *Carolene*. The legal reasons for refusal of evidence from a branch of government, here Chambers, to give evidence pertinent for Mr. Diarra's advocacy should be clearly stated as to the necessity of that denial, given that these photos are relevant to a rebuttal of a false arrest for "genital mutilation" in the public space by NAN.

Relevancy of sealed photos[4]:

Photos of Mrs. Diarra were previously sealed by this office. *See*, sealing order - Exhibit C: sealing order.

The photos are relevant under FRE 401 because they show that no rape kit was ever made at the time of the actual arrest / incident – no photos of Mrs. Diarra were taken before the arrest - instead photos

---

[3] Mr. Diarra's right to present evidence in his false arrest to NAN.

[4] The affirmation of the District Court's order by the Second Circuit is not binding precedent and has little or no jurisprudential value, depending on the District judge's interpretation – rendering the District Court's order in the first Diarra matter non-binding precedent. By its nature, this order is subject to a weaker standard of reversal should the summary order come under review by a different panel of the Second Circuit or a different District judge.

showing, Mrs. Diarra's healthy genitalia were then taken four-five months later. However, Mr. Diarra was arrested for genital cutting. This fact is necessary for the advocacy work of Al Sharpton's Action Network, who deal in facts not innuendo.

If this request is ignored, Mr. Diarra will be proceeding, accordingly, with a writ of mandamus. However, should this motion be granted, then defendant counsel will organise a meeting with Mr. Derek Perkins to show him a copy of photos, in person or via zoom. All copies will remain with defendant counsel as per sealing order and no codes will be duplicated for NAN.

DATED:   LIVINGSTON, NEW JERSEY
April 9th, 2021

Respectfully Submitted,

/s/ Kissinger N. Sibanda
KISSINGER N. SIBANDA, ESQ.,
Attorney for the Plaintiff
P.O Box 714
Livingston, NJ 07039
Telephone: (973) 689-5952
Email: ksibanda@temple.edu

DIARRA v. CITY OF NEW YORK 1:16-cv-07075 (VSB)(CLOSED)

To: **BY ECF**

Honorable Vernon S. Broderick

 United States District Court

Southern District of New York

40 Foley Square,

 Room 415 New York, NY 10007

**VIA ECF**

Cooperation Counsel - James Johnson

New York Law Department

Valerie E. Smith Esq (Assigned)

Attorney for Defendant

100 Church St.

New York, NY 10007

**CC: COLLEN McMAHON**

 United States District Court

Southern District of New York

40 Foley Square,

 Room 415 New York, NY 10007

Chief judge SDNY.

## CERTIFICATE OF SERVICE:

This is to certify that on April 9th, 2021, the defendant served opposing counsel, via ECF, a copy of this letter motion, which is unopposed per their response dated April 2nd, 2021.

Cordially,

/s/Kissinger N. Sibanda
Kissinger N. Sibanda

Attorney for defendant
