# The Law Offices of Kissinger N. Sibanda Esq

Po Box 714
Livingston, NJ 07039
Tel: 862-250-9684
Email: 862-250-9684
Website: https://kissingersibanda.wixsite.com/kensibanda

October 2, 2022

Hon. Judge Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Mouss Diarra v. City of New York (1:16-cv-07075).*
Addendum:
Request for Leave to File Motion to Reopen under Rule 60 (d) 3: Fraud on Court.

Dear Judge Broderick:

    To further assist the Court in its decision on whether to grant leave or not, please find the addendum of law for Federal Rule of Civil Procedure Rule 60 (d) 3 motion determination – fraud on the Court. The legal vehicle plaintiff will be using:

    Rule 60(d)(3) of the Federal Rules of Civil Procedure provides that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Unlike Rule 60(b)(3), which also provides relief from judgment in the context of fraud, Rule 60(d) does not have a specific limitations period. *Anderson v. New York*, No. 07-CV-9599 (SAS), 2012 WL 4513410, at *5 (S.D.N.Y. Oct. 2, 2012).

    The fraud which must be demonstrated under Rule 60(d)(3) to support relief from a final judgment "is narrower in scope than that which is sufficient for relief by a timely motion" under Rule 60(b)(3). *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995) (internal citation and quotation omitted). "The concept of 'fraud on the court' embraces 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" Id. (citing *Kupferman v. Consolidated Research & Mfg. Corp.,* 459 F.2d 1072, 1078 (2d Cir. 1972)). Fraud on the court must be established by clear and convincing evidence. *King v. First American Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002).

    "'Fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason,* 860 F.2d at 559. Here, this Court was dubbed into believing the existence of certain facts and timeline, hence an idea of probable

1

Pre-Motion Letter: Plaintiff's Motion to Reopen

cause, which in actuality never happened. A result of Ms. Weiss's *modus operandi*. *See* letter 1.

      Accordingly, this addendum of law further articulates the legal vehicle and supplements the legal grounds which plaintiff will be using if leave to file a motion to reopen is granted.

                                          Respectfully submitted,

                                          /s/ Kissinger Sibanda

                                          Kissinger N. Sibanda

                                          /KNS/