# The Law Offices of Kissinger N. Sibanda Esq
Po Box 714
Livingston, NJ 07039
Tel: 862-250-9684
Email: 862-250-9684
Website: https://kissingersibanda.wixsite.com/kensibanda

October 6th, 2022

Hon. Judge Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Mouss Diarra v. City of New York (1:16-cv-07075).*
Suggested Motion Schedule:
Request for Leave to File Motion to Reopen under Rule 60 (d) 3: Fraud on Court.

Dear Judge Broderick:

Please forgive this additional filing, but some clarification is needed since defendant has not responded to Plaintiff's request for leave to file a motion to reopen.

Pursuant to Judge Broderick Rule 4 A, outside of discovery, a premotion conference need not be held. Furthermore, Plaintiff is requesting leave to file a motion to reopen the case not further discovery as may be misinterpreted. The motion is based on the law and facts as outlined in letters I and 2. Docket Nos. 274 and 275.

Preliminary Hearing First:

The motion to be submitted by plaintiff to the court, if leave is granted, broadly construed, is a request for a hearing as a preliminary step on whether to reopen the case or not and will request a hearing where the arresting Officer Skorzewski will give testimony on Mr. Diarra's arrest. At this hearing, Mr. Diarra will *also* present his own testimony regarding the arrest. This will clarify to the court times and dates that have been misrepresented by defendant on the matter – the core of plaintiff's fraud allegations on the Court.

In the interest of justice, I reiterate my request for leave to file a motion to reopen so that the Court can take testimony at a hearing on the issues raised and allegations of fraud. Plaintiff's motion to reopen will request a hearing first to present evidence of the fraud on the Court in real time under both direct and cross-examination of Officer Skorzewski and Mr. Diarra. Most of this evidence has been already admitted during summary judgment proceedings and is before the Court. The issue is that the gaps in the evidence allowed defendant to paint a

non-existent picture of events to procure a summary judgment motion. For example, defendant alleges Officer Skorzewski saw the medical report before the arrest. (2nd Circuit Oral argument). A complete lie. The medical report was only available from the 24th of September 2014 onwards and made no mention of facts to support "genital mutilation" when produced. However, the crime Mr. Diarra was arrested for the day before on September 23, 2014, is "genital mutilation." Either the evidence is untrue, or the defendant misrepresented the truth to this Court.

At the minimum, a hearing to test evidence and reopen the case, is permissible by law to test the allegations now made by plaintiff considering Ms. Dara Lynn Weiss's involvement in the matter and articulation of non-existent law and fact patterns.

My suggested dates for motion practice on the issue of reopening the case for a hearing focused on the facts surrounding Mr. Diarra's arrest are as follows:

Plaintiff's motion due January 14th, 2023.

Defendant's response due February 4th, 2023.

Plaintiff's Reply due by February 18th, 2023.

Plaintiff will limit their brief to Rule <u>60 (d) 3</u> law and facts.

Plaintiff's application for a hearing on the motion to reopen is DENIED.  Defendant is ordered to submit its response to Plaintiff's motion for leave to reopen the case pursuant to Rule 60(d)(3) on or before October 18, 2022.

SO ORDERED:

*[signature]*
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE
10/12/2022

Respectfully submitted,

/s/ Kissinger Sibanda

Kissinger N. Sibanda

/KNS/

2

Pre-Motion Letter: Plaintiff's Motion to Reopen
(Suggested Motion Schedule)