

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**ELISSA BETH JACOBS**
*Senior Corporation Counsel*
phone: (212) 356-3540
fax: (212) 356-3509
ejacobs@law.nyc.gov

October 27, 2022

**By ECF**
Hon. Judge Broderick
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

    Re:   *Moussa Diarra v. City of New York*, 16-cv-7075 (VSB)(ONW)

    Four years after his case was dismissed, after unsuccessfully appealing his case to the Supreme Court, plaintiff now seeks to reopen the case based on unsupported allegations of fraud upon the Court. These allegations are untrue, and have in fact been considered and dismissed by this Court repeatedly. In addition, plaintiff's claim has no merit, and nothing in his letter application would change that fact. Plaintiff's request should be denied.

    Moussa Diarra was arrested after his wife accused him of abusing her and cutting her vagina with a razor blade.[1] See Summary Judgment Order, ECF No. 239 at 2-3. Plaintiff was ultimately acquitted by a jury. Id. at 3. He filed a lawsuit in September 2016 against the City of New York, alleging a Monell claim and claims pursuant to New York State Law. Id. at 1. The Court dismissed the federal claim, as there was no "evidence of a municipal policy or custom sufficient to overcome summary judgment." Id. at 9. The Court also dismissed plaintiff's state law claims as he "set forth no evidence in the record that he has complied with New York's notice-of-claim provisions." Id. at 13.

    Plaintiff appealed, and the Second Circuit affirmed, for substantially the same reasons as discussed by Your Honor. The Circuit reviewed the relevant testimony of the arresting officer, and found "that testimony merely support[ed] the proposition, as the district court observed, that the New York City Police Department 'has a policy of making arrests based on probable cause.'" Diarra v. City of N.Y., 771 F. App'x 69, 70 (2d Cir. 2019) (quoting Your Honor's decision on

---

[1] These facts are taken from Your Honor's decision on Summary Judgment, dated September 20, 2018. (ECF No. 239).

Summary Judgment). The Circuit continued, saying, "There is nothing unconstitutional about such a policy." Id. (citing Stansbury v. Wertman, 721 F.3d 84, 90 (2d Cir. 2013). The Circuit also affirmed the dismissal of the state law claims, finding plaintiff's claims without merit. Id.

Plaintiff now asks that he be permitted to move pursuant to Fed. R. Civ. P. 60(b)(3), claiming fraud, misrepresentation or other misconduct. However, plaintiff points to nothing in his letter to indicate that anything improper has occurred in this case. Rather, he refers to a misrepresentation made by an attorney in this office in an unrelated case, Plaintiff continues to claim that there are inconsistencies in the record, improper redactions and facts "hidden" during discovery. He points to nothing in the record to substantiate these claims, other than his continued unsupported allegations that documents were fabricated. Beyond this, even if his allegations were true, they would not impact the decisions in this case to dismiss plaintiff's claims against the City of New York.

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (3) fraud, misrepresentation or misconduct by an opposing party." "Rule 60(b) strikes a balance between service the ends of justice and preserving the finality of judgments[,]" and "final judgments should not be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (internal citation omitted). The Second Circuit has noted that "[t]he party seeking relief from judgment has an onerous standard to meet." United States v. Int'l Bhd. Of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001). To prevail on a motion under Rule 60(b)(3), the moving party "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). "A Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d. Cir. 1989).

Here, plaintiff cites to no evidence of misconduct, let alone the clear and convincing evidence standard under Rule 60(b)(3). Other than noting news articles regarding Dara Weiss's conduct in another case, plaintiff points to nothing in the record indicating that there was any misconduct in this case. His sole support for any factual allegations regarding Ms. Weiss is a claim that she submitted pleadings without putting in a Notice of Appearance. This is irrelevant, but also plainly false, as she submitted a notice of appearance in October 2017, four months before the filing cited by plaintiff. See ECF Nos. 101, 187. Plaintiff's litany of factual "misrepresentations" demonstrate a failure to comprehend the standards applicable in this case.[2] Plaintiff claims that

---

[2] This is not the only time plaintiff has failed to comprehend the standards for proper evidence in civil cases. For example, in response defendant's Rule 56.1 Statement that plaintiff's wife reported to Harlem Hospital that her husband was abusing her, plaintiff responded, in part, "Disagree: The Victim's testimony has been proven by trial to lack veracity . . . The best record for the veracity of claims is the trial testimony, which includes cross-examination, not what VICTIM said or did in a police report by SKORZEWSKI." See ECF Nos. 181, 183, at ¶ 8. Plaintiff did not, as is required by F.R.C.P. 56, cite to any evidence to contradict the facts put forward by plaintiff and instead seems to be asking the Court to make a credibility finding after the fact. Rule 56 is clear: "[i]f the non-movant asserts that a fact claimed by the movant to be undisputed is actually in dispute, the non-movant must cite evidence on the record to support its contention." United States v. Egan, No.

documents were redacted, citing to DEF 91, a document which has no redactions on it.[3]  See Exhibit A, DEF 91.  Plaintiff claims that there were inconsistencies during the Oral Argument in front of the Second Circuit, and bafflingly tries to find a distinction between plaintiff "trying to cut" his wife's vagina and "tried to cut" her.  See Pl. Letter, ECF No. 275, p. 3.  None of these are evidence of any misconduct.

Beyond this, plaintiff's federal claims were dismissed because the only evidence of a municipal policy was that the City had a policy of making arrests when there is probable cause.  See Diarra 771 F. App'x at 70 (2d Cir. 2019).  Even if there was no probable cause to arrest plaintiff, the Court has found that there was no unconstitutional policy underlying his arrest.  Id.  As Your Honor stated, "because no reasonable fact-finder could conclude that a policy or custom of the City caused [p]laintiff's purported constitutional deprivations," his claim fails.  See Summary Judgment Order, ECF No. 239, at 8. Plaintiff points to no evidence of misconduct regarding evidence of a municipal policy that prevented him from fully and fairly presenting his case.  See State St. Bank, 374 F.3d at 176 (2d Cir. 2004).   Similarly, plaintiff's state law claims were dismissed for failure to comply with New York's Notice of Claim Requirement, and nothing in his application appears to change those facts.  See Diarra, 771 F. App'x at 70 (2d Cir. 2019).

---

10 Cr. 191 (JFK), 2012 U.S. Dist. LEXIS 123002 (S.D.N.Y. Aug. 25, 2012) (citing Rodriquez v. Schneider, No. 95 CV 4083 (RPP), 1999 U.S. Dist. LEXIS 9741, at *1, n.3 (S.D.N.Y. June 29, 1999), aff'd, Rodriguez v. Schneider, 56 Fed. Appx. 27 (2d Cir. 2003)).  Beyond this, plaintiff cannot seem to comprehend that the mere fact that a trial court did not convict him does not retroactively render any prior statement inadmissible or inauthentic.

[3] Plaintiff's date of birth was redacted prior to Exhibit A being put on the public docket.  It was provided to him without redactions.

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's request to enter a briefing schedule regarding his request to reopen this case.

Dated:      October 27, 2022
            New York, New York

>                           HON. SYLVIA O. HINDS-RADIX
>                           Corporation Counsel of the City of New York
>                           *Attorney for Defendant City of New York*
>                           100 Church Street
>                           New York, New York 10007
>                           (212) 356-3539
>
>                   By:     *Elissa B. Jacobs* /s
>                           Elissa B. Jacobs
>                           Senior Counsel

cc:    Kissinger N. Sibanda **VIA ECF**
       *Attorney for Plaintiff*