**The Law Offices of Kissinger N. Sibanda Esq**
PO Box 714
Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu
Website: https://kissingersibanda.wixsite.com/kensibanda

October 27th, 2022

Hon. Judge Vernon S. Broderick
Thurgood Marshall

United States Courthouse

40 Foley Square

New York, NY 10007

*Re: Moussa Diarra v. City of New York (1:16-cv-07075).*

Ref: Plaintiff's Reply to Docket No: 287[1].

Dear Judge Broderick:

    Please accept this letter as brief reply to defendant's reasons why leave-to-file motion to reopen should be denied. While it is premature to determine the court's eventual decision on plaintiff's motion to reopen based on the merits, if it is filed, because the motion has not been briefed. Plaintiff counsel and defendant counsel engaged in a telephonic *meet and confer* on Wednesday October 26, 2022. Defendant does not direct themselves to the plaintiff's arguments and misrepresented facts under Rule 60 (d)3, such as stating that Officer Skorzewski had medical reports before the arrest – which is untrue, but rather to an irrelevant narrative of this matter in general, which ignore previously misstated facts before this Court.

    As a matter of fact, defendant argued their letter under the wrong rule. Plaintiff seeks leave-to-file under Rule 60 (d) 3, not Rule 60 (b) 3 as defendant mistakenly states. The failure to even cite the correct rule, Rule 60 d (3) and law in defendant's letter in such a delicate matter speaks for itself and should not be ignored by this Court. *See* Def. Letter ¶¶ 6-7. Rule 60 (d)3 and Rule 60 (b)3 have different time limits and legal requirements and are essentially different.

    A. Defendant makes noted assumptions in their leave-to-file response which are unfounded. Docket No. 287. Not only was discovery conducted in an obstructive manner with redacted facts, but legal theories were misrepresented using those tainted facts. The incivility exhibited by NY Law Department counsel towards plaintiff counsel during discovery, masterminded and supervised by Dara Lynn Weiss, who has since been fired by NY Law Department, speaks for itself. Exhibits: 1 and 2. While incivility is not grounds for

---

[1] Defendant mistakenly states that this matter was appealed to the Supreme Court. The writ of certiorari, 19-553, was denied, and hence the Supreme Court never considered the appeal, as defendant assert. Docket No. 287.

1

reopening a case under Rule 60 (d) 3; the misrepresentation of facts as a product of incivility is:

1. Defendant is mistaken that the facts misstated in their original request for summary judgment memorandum of law are harmless litigation and permissible under the current Rules of this Court and Civil litigation in general. This is patently false. Untruthful facts are not condoned by this Court. Misrepresentation of facts violates Rule 60 (d) 3, because the Court is forced to rely on false and inaccurate facts in reaching a legal outcome. The subsequent judgment or order is then tainted by these false factual assertions.
2. Defendant is mistaken that under summary judgment Rule 56[2], if this Court were to grant reopening this matter and to allow limited discovery and trial – that the same result would result as the current Order granting summary judgment. There is no basis to assert that when facts are corrected the Court will still reach the same decision and grant summary judgment in their favor; especially given that the events (facts) leading to Mr. Diarra's arrest were misrepresented by defendant.
3. Defendant prematurely states that *legally* the matter is foreclosed regardless of falseness of facts. The suggestion is that *Tuttle* is the controlling legal authority. This is an inaccurate articulation of *Tuttle* because *Tuttle* has an exception to the "one incident" rule as proof of policy:
 "A plaintiff cannot show a "policy" or "custom" sufficient to impose municipal liability merely by providing "[p]roof of a single incident of unconstitutional activity . . . unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion); see also *Cowan*, 95 F. Supp. 3d at 637 ("Generally, a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the municipality." (internal quotation marks omitted)).

The one incident *exception* under *Tuttle*, clearly does not require that plaintiff submit to this Court serial evidential proof of policy but can be factually determined through a single incident *when caused by an existing unconstitutional policy*. And such a determination can be made by a jury.

B. *Existing unconstitutional policy* in Diarra[3]

---

[2] This Court reviews a district court's decision to grant summary judgment *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Miller*, 321 F.3d at 300. On a motion for summary judgment, "all factual inferences must be drawn in favor of the non-moving party." *Miller*, 321 F.3d at 300. This means the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of [Mr. Diarra]." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). It also means the Court must "mak[e] all credibility assessments in his favor," *McCarthy v. N.Y. City Technical Coll.*, 202 F.3d 161, 167 (2d Cir. 2000), and "must disregard all evidence favorable to [plaintiffs] that the jury is not required to believe," *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 151 (2000); *see In re Dana Corp.*, 574 F.3d 129, 152 (2d Cir. 2009).

[3] Further proof of a condoned or permissible "custom" by the City is the Diarra arresting affidavit. Exhibit: 3. The affidavit states at the back that "fabricated charges are a violation of PL 240.15." To date arresting Officer Skorzewski has not been investigated for his fabricated charges against Mr. Diarra i.e., "genital mutilation," or prosecuted under PL. 240.15. Exhibit: 3, will be presented to a jury as further proof of an accepted internal custom/practice – fabrication of probable cause to assist/aid unconstitutional arrests, *aka* "a policy of probable cause."

1. The arrest of Mr. Diarra occurred because of an <u>unconstitutional policy known as a "policy of probable cause,"</u> by the defendant, City of New York. This so-called "policy of probable cause" permits and encourages fabrication of actual or legal probable[4] cause as evidenced in the arrest of Diarra for "genital mutilation" with no actual probable cause. A charge asserted without a rape kit, witness interviews, crime scene visitation, forensic collection or collaborating medical reports. Victim's photos were taken four months after the arrest. This essentially is not probable cause under the Fourth Amendment as we know it; but the City's own lopsided "policy of probable cause," as self-admitted in Skorzewski cross-examination during his deposition. A lower and illegal form of probable cause compared to the Fourth Amendment's stringent constitutional guidelines.

2. Furthermore, the jury[5] can determine whether this customary practice referred to as "policy of probable cause," asserted by the City throughout this case, and which ignores the Federal Fourth Amendment's own actual Probable Cause is *liable* to the degree it was operative and caused injured to Mr. Diarra – essentially a <u>Monell trial</u> of a policy admitted in a deposition[6] under perjury. The **damages** are evidenced through <u>defamation/ slander ( past and future)</u> of Mr. Diarra's character through publication of the false arrest and charges in New York daily newspapers (slander *per se*[7]: false accusations of an infamous crime) Exhibit: <u>4.</u>, <u>loss of liberty</u> and <u>emotional distress ( past and future)</u>.

For defendant to argue that the plaintiff will not prevail if this case is reopened; facts are openly and truthfully restated, misrepresentations of law are disallowed under the court's more favorable to nonmovant directive under Rule <u>56</u>, is premature. However, Rule <u>60 (d) 3</u>, provides a safety measure and allows for this Court to take a piecemeal approach, testing litigants' legal arguments and evidence, step-by-step.

<u>Conclusion</u>:

This Court should allow briefing[8] on the matter pursuant to Rule <u>60 (d) 3</u>. And set a briefing schedule. If this Court decides to forgo motion practice and reopen the matter based

---

[4] Whether or not there is actual probable cause depends on the totality of circumstances. *Illinois v. Gates*. 462 U.S. 213 (1983) but it cannot be present when proper police activity was not followed, as in the matter at bar. "While an indictment creates a presumption of probable cause, such presumption may be overcome by evidence establishing either " 'that the conduct of the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures' " (*Blake v. City of New York*, 148 AD3d 1101, 1107, quoting *De Lourdes Torres v. Jones*, 120 AD3d 572, 574, mod 26 NY3d 742), or "that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith" (*Colon v. City of New York*, 60 N.Y.2d 78, 83; see *Washington–Herrera v. Town of Greenburgh*, 101 AD3d 986, 989; *O'Donnell v. County of Nassau*, 7 AD3d 590, 591).

[5] There are sufficient facts at issue for a three-to-four-day jury trial, with testimony taken from Diarra, Skorzewski and Harlem Hospital medical custodian of records. Motion practice is not the proper avenue for final determination of the facts in this matter.

[6] As the Skorzewski deposition showed, Mr. Skorzewski was taken out of the deposition room for four minutes before he stated the policy, he mentioned during direct examination, is actually "a policy of probable cause." Because of this testimonial dispute, summary judgment under Rule <u>56</u>, should be denied – because any testimony is taken in the most favorable manner to the nonmovant, Mr. Diarra. *Id.*

[7] Damages arising from *slander per se*, accusations of an infamous crime, do not require proof of economic loss and punitive damages are not capped.

[8] A consideration for this Court to make is that the Legislative Branch intended[8] for Rule <u>60 (d) 3</u> to allow for motion practice because of historic unfairness from cases where Courts have been misled. Rule <u>60 (d) 3</u> still exists and has not been repealed. It allows for internal judicial oversight by a District Court, transparency, accuracy and undoing of frauds.

on its understanding of Dockets No: <u>272-288</u>, it should allow limited discovery (interrogatories, fact discovery, and expert discovery) as well as refiling of defendant's summary judgment motion with corrected/accurate facts based on complete and accurate discovery.

Respectfully submitted,<br>
/s/ *Kissinger N. Sibanda*<br>
Kissinger N. Sibanda<br>
*Attorney for plaintiff*<br>
/KNS/