UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                          :
MOUSSA DIARRA,                         :
                                                          :
                      Plaintiff,       :
                                                          :                 16-CV-7075 (VSB)
                          -against-               :
                                                          :                       **ORDER**
CITY OF NEW YORK,                  :
                                                          :
                      Defendant.   :
                                                          :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Moussa Diarra ("Diarra") requests leave to file a motion under Fed. R. Civ. P. 60(d)(3) to reopen this case and set aside the judgment against him. (Docs. 275, 277, 288.) The City of New York opposes the motion. (Doc. 287.) The request is DENIED.

       The background of this case is discussed in my Opinion & Order granting summary judgment. (Doc. 239.) I discuss only subsequent developments relevant to the current request. I rendered judgment against Diarra on September 18, 2018. (*Id.*) This judgment was affirmed by the Court of Appeals for the Second Circuit, (Doc. 242), and the Supreme Court denied certiorari. (Doc. 250-1.)

       Now, approximately three years later, Diarra requests leave to reopen his case and set aside his judgment under Fed. R. Civ. P. 60(d)(3) for two reasons. First, he suggests that there was misconduct by Dara Weiss, an attorney for the City of New York in the case. (Doc. 275 at 1; Doc. 277 at 1–2.) Second, he argues that he was subject to an unconstitutional policy promulgated by the City of New York. (Doc. 288 at 2–4.)

       "To state a claim for relief under Federal Rule of Civil Procedure 60(d)(3), a complaint

must allege a 'fraud on the court' that 'seriously affects the integrity of the normal process of adjudication.'" *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 78 (2d Cir. 2012) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988)). "A fraud upon the court occurs where it is established by clear and convincing evidence 'that a party has set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by . . . unfairly hampering the presentation of the opposing party's claim or defense.'" *Garcia v. Griffin*, No. 16CV2584ALCRWL, 2021 WL 1577679, at *1 (S.D.N.Y. Apr. 22, 2021) (quoting *New York Credit & Fin. Mgmt. Grp. v. Parson Ctr. Pharmacy, Inc.*, 432 Fed. Appx. 25 (2d Cir. 2011)) (alterations in original).

"The bar for invoking Rule 60(d) is high," *United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank*, No. 18 CIV. 11117 (PAE), 2021 WL 4772142, at *4 (S.D.N.Y. Oct. 13, 2021), and "[c]onclusory allegations cannot support a claim of fraud on the court." *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 451 (S.D.N.Y. 2011), aff'd, 471 F. App'x 14 (2d Cir. 2012); *see also Garcia*, 2021 WL 1577679, at *2 (denying a Rule 60(d) motion where allegations were conclusory); *Wu v. Lehman Bros. Holdings Inc.*, No. 20-CV-5823 (RA), 2022 WL 3646207, at *3 (S.D.N.Y. Aug. 24, 2022) (same); *Harper v. New York City Transit Auth.*, No. 17-CV-6979 (RJS), 2021 WL 197225, at *3 (S.D.N.Y. Jan. 20, 2021) (same); *Oxman v. Drager*, No. 18-CV-00687 (ALC), 2019 WL 2537519, at *3 (S.D.N.Y. June 19, 2019) (same).

Neither of the reasons asserted by Diarra satisfy the demanding requirements of Rule 60(d) or persuade me that granting leave to file a motion would not be frivolous. He asserts that Ms. Weiss misrepresented facts and conducted discovery in an obstructive and uncivil way. He does not give any example of this behavior, explain his delay in seeking relief for this alleged conduct, or explain how it resulted in fraud. (*See, e.g.*, Doc. 275 at 2; Doc. 288 at 1–2.) These

are conclusory allegations that cannot support a Rule 60(d) motion.

The insufficiency of these allegations is further confirmed by Diarra's proposed remedy. He seeks a hearing to take evidence from him and the New York Police Department officer whose arrest of him gave rise to this case.  (Doc. 277 at 1.)  Diarra already deposed the officer who arrested him, (Doc. 239 at 7), and he could have submitted any admissible testimony of his own during summary judgment proceedings.  Diarra's moving papers also admit that "most of [the] evidence" that would be offered at this hearing "has been already admitted during summary judgment proceedings and is before the Court."  (Doc. 277 at 1.)  It is impossible to reconcile his claims of discovery misconduct with the admission that most of the evidence he would introduce in new proceedings has been discovered and presented.

Diarra's arguments about unconstitutional policies are not fraud claims, but legal arguments, which are not the proper subject of a Rule 60(d)(3) motion.  Thus, while Diarra styles his present motion as a request for leave to file a motion under Rule 60(d)(3) rather than the motion itself, the absence of any non-conclusory allegations of fraud in his papers demonstrates that such a motion would be frivolous.

Accordingly, Mr. Diarra's request for leave to move to reopen this case is DENIED.

SO ORDERED.

Dated:  November 7, 2022
       New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge