# The Law Offices of Kissinger N. Sibanda Esq
PO Box 714
Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu
Website: https://kissingersibanda.wixsite.com/kensibanda

November 8, 2022

Chief Judge Swain
Thurgood Marshall

United States Courthouse

40 Foley Square

New York, NY 10007

*Re: Mouss Diarra v. City of New York (1:16-cv-07075).*

        Ref: Failure to Follow Law by District Judge Broderick (Rule 60 (d) 3).

Dear Judge Laura Taylor Swain:

    I would like to bring this matter to your attention regarding the Judge presiding over this case in your capacity as Chief Judge.

    We submitted leave-to-file a motion to reopen this matter. And he refused to allow plaintiff to file our motion, stating that he deemed the matter as frivolous. Docket # 289. This is without allowing for a full motion, with facts, law, and argument in a memorandum as is permissible under Rule 60 (d) 3, to support plaintiff's position.

    The whole point of leave-to-file a motion-to-reopen is based on the submission of a fully briefed motion. There is no basis for a District Judge to refuse to accept a motion under Rule 60 (d) 3 preemptively without addressing the issues in a fully briefed motion and this District does not have a single case in which leave-to-file a Rule 60 (d) 3 motion was denied without consideration of movant's memorandum of law in the actual motion. The letter request to file a motion to reopen is not a substitute for the actual motion under Rule 60 (d) 3,

however Judge Broderick clearly used the letter request to determine the merits of the motion itself, substituting one for the other. Doc. # 289. This is fundamentally unfair because plaintiff has not fully moved yet; attached complete exhibits, case law and argument.

As Chief Judge it falls on you to make sure there is transparency, fairness, and adherence to the Federal Rules of Civil Procedure by all Southern District federal judges regardless of what the District Judge thinks about the litigant or litigant counsel. And that the one standard of fairness rule protected under Equal Protection Clause, is not determined by the litigant but by the law's legislated principle. In light of this, we ask that this matter be transferred to a different District Judge willing to address plaintiff's Rule 60 (d) 3 motion in a fair and honest manner not preemptively.

As you are aware we have raised issues of fairness and impartiality regarding Judge Broderick throughout this matter and we renew this concern considering the reasons he cites in his Order. Doc. # 289.  And his arguments for the defendant.

If there is an unpublished case in which a Rule 60 (d) 3 motion has been denied without argument, then this should be brought to plaintiff's attention. But from our research, there is no case in which a Rule 60 (d) 3 was deemed frivolous before it was even filed by the federal judge. And in a matter in which the opposing side argued the wrong Rule citing Rule 60 (b) 3 in their opposition, instead of Rule 60 (d) 3, rendering defendant's opposition void for failure to cite the correct Rule. Doc # 287. Essentially, Judge Broderick then had to argue the defendant's opposition considering this grave mistake[1] by defendant. Doc # 289. This is fundamentally wrong in many ways and offends public trust in the judicial system.

---

[1] Judge Broderick does not even address this mistake in their Order but ignored it completely.

The public develops trust in the legal system by seeing Judges treat litigants with fairness and impartiality. And seeing a judge argue for one side, while ignoring the issues raised by movant, does not appear fair in the public's eyes.  We respectfully ask that this matter be given to a different judge and Rule 60 (d) 3 be enforced in this District; and not rendered void through "judicial discretion" as is the case with Doc # 289.

.

Respectfully submitted,
/s/ *Kissinger N. Sibanda*
Kissinger N. Sibanda
*Attorney for plaintiff*
/KNS/