# The Law Offices of Kissinger N. Sibanda Esq

PO Box 714
Livingston, NJ 07039
Tel: 862-250-9684
Email: ksibanda@temple.edu
Website: https://kissingersibanda.wixsite.com/kensibanda

November 10, 2022

Chief Judge Swain

Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Re: *Mouss Diarra v. City of New York (1:16-cv-07075).*

Ref: Addendum to Doc No. 292: 2nd Cir. Judge Pierre N. Leval Comments During Appeal

Hon. Judge Laura Taylor Swain,

    I wanted to attach a concrete example to support Plaintiff's Doc. # 292, as a *modus operandi* of Judge Broderick in this matter[1]. A disregard of law as legislated by Congress's Federal Rules of Civil Procedure Rule 60 (d) 3. This is an addendum to Doc. #. 292 and refers to what Second Circuit Judge Levall said about Judge Broderick's handling of this matter regarding state claims.

    I.    Second Circuit Finding of incorrect Standard Used In Granting summary Judgment by Judge Broderick.

    During the Appeal of this matter, 19-2821, and during oral argument, the Second Circuit Justice, Hon. Justice Pierre N. Leval made an interesting remark on record. Judge Levall stated that the dismissal of state claims by the District Court were done under the wrong rule – Rule 12.b standard ( motion to dismiss), and not Rule 56 standard ( summary judgment). This is a Circuit Judge saying the District Judge used the wrong law and acted outside of his jurisdiction. See *infra*.

    When a judge knows he has no jurisdiction or acts in the face of statutes depriving him of jurisdiction, judicial immunity is lost. *Rankin v. Hollier* (1980) 633 F.2d 844. Judge Leval's remarks regarding Judge Broderick having acted previously outside his jurisdiction can be heard here stating that " I have a little problem with the state law claim…"

---

[1] Both lawyers for the City of New York, Dara Weiss and Valerie Smith, have appeared before the same Judge, Judge Broderick, on two other separate occasions and in which the decision was favorable for the City of New York. See *Vincent v. Winski*, 14-cv-744 (VSB) (decided on March 22, 2018). Motion to dismiss was granted in part and denied in part for the City. See also *Pryor v. Guzman*, 17-CV- 5388 (VSB) (decided September 21, 2018) and *Pryor v. City of New York* (VSB) 16-cv-8232 (decided September 21, 2018). Both motions to dismiss in *Pryor* cases were granted for the City. Both *Pryor* cases were decided a day after the *Diarra v. City of New York* decision, 1:16-cv-07075 (September 20th, 2018).

1

At 12: 35.    Hyperlink to oral argument citation.

However, the Second Circuit, 21-2821, affirmed by a two page "summary order" stating that the summary order[2] affirmation should not be quoted as binding precedent. This was not an approval of how Judge Broderick handled this matter and should not be seen as such *post facto*, but was a differed opinion. The weakest of affirmations possible that most District Judges do not interpret as a full approval of how they handled the case at District level.

Judge Levall's statement of concern[3] on the standard used to grant defendant's summary judgment on the State Claims by Judge Broderick should not fall on deaf ears as it is part of the Second Circuit's record on this matter's appeal. And if leave-to-file a Rule 60 (d) 3 motion were allowed, this transcript of incorrect legal standard would have been attached to our motion, in addition to the motivation for this incorrect legal standard which came from defendant's memorandum of law in support of summary judgment together with their false or articulation of non-existent facts.

Furthermore, Judge Leval's statements are now more relevant because Judge Broderick is again, in this instance, regarding the forthcoming Rule 60 (d) 3 motion, acting outside of what the Rule has prescribed by using "judicial discretion" to kill a motion before it is even docketed; an abuse of power, similar to dismissing plaintiff's state claims under the wrong rule (Leval: 12:35); there is a pattern here which this court cannot ignore.

Even imprisoned inmates submit motions in this District regarding the imprisonment conditions as the Federal Rules of Civil Procedure permit, but now free men and women, like Mr. Diarra, are told by a sitting judge, here Judge Broderick, that their motions are deemed frivolous before they are even filed without a fully briefed pleading; when they have presented credible evidence of wrongdoing which needs to be adjudicated. Exhibits 1-5, Doc. No. 290-291. This is an abuse of power which goes beyond the observation cited by Justice Levall during the Second Circuit oral argument. The right to address the Courts is not a privilege but a protected First Amendment Right that cannot be abrogated by a District Judge's own prior restraint. *See in general*, *New York Times Co. v. United States*, 403 U.S. 713 (1971).

Furthermore, prejudgment of litigants' motions before they are filed is a form of prior restraint imposed by a federal judge because it blocks one side's free speech *unless* it qualifies under the Judge's pre-approval when a full pleading has not been filed. Doc. No. 292.

Plaintiff concedes that frivolous motions exist, but this is not one of them nor is it comparable to a motion filed by a lame man with no training in law, but an attorney who holds two master's Degrees in Trial Advocacy (the first in the U.S. to achieve such honors of obtaining two Masters trial advocacy degrees which covered the range of State and Federal Litigation).

---

[2] https://www.casemine.com/judgement/us/5d10a1f29f86892c844b88c4

[3] https://archive.org/details/gov.uscourts.ca2.18-2821   At 12:35.

      This case has gone from District Court to the Second Circuit and the facts raised in this matter have never been deemed frivolous by the District Judge, until now when Mr. Diarra wishes to submit evidence of fraud done on the Court under Rule 60 (d) 3. In fact, the same District Judge, Judge Broderick, allowed the original complaint in this matter to be amended to include "false imprisonment," in this matter and never referred to this matter as frivolous in his final Order opinion. So, the issue of this matter being frivolous, and a Rule 60 (d) 3 motion being frivolous, given the law-of-the-case, is a moot point because it is accepted under the law-of-the-case doctrine that this case has many disputed facts. In addition, there is nothing frivolous when a police officer makes up a story and attributes it to a "social worker," when it is non-existent and subject to a jury determination on policy. Exhibit: 6. (False arrest affidavit)[4].

      Rather than allowing litigants to present their cases, according to Judge Broderick, they should now first go before him and pass a litmus test and have their motion tested regardless of the legal skills and professional judgment of the attorney who presented leave-to-file the motion and conducted their own Rule 11.b research. Doc. No. 292. This is unsupported by the District Judge's jurisdiction under Rule 60 (d) 3.

Thank you for your attention to this matter as Chief Judge.

                                                    Respectfully submitted,

                                                    /s/ *Kissinger N. Sibanda*

                                                    Kissinger N. Sibanda

                                                    *Attorney for plaintiff*

                                                                   /KNS/

---

[4] During deposition Officer Skorzewski admitted he disregarded probable cause because of policy. Litigants differ on how they characterize this admission by Officer Skorzowski, but Judge Broderick refused to follow Rule 56.b: to consider the testimony in the most favorable manner to the nonmovant pursuant to and to allow the matter to be determined by a jury.

3