UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                :
MOUSSA DIARRA,                                  :

                                                         Plaintiff,   :
                                                                     :         16-CV-7075 (VSB)
                            -against-                       :
                                                                     :         **ORDER**
CITY OF NEW YORK,                   :

                                                      Defendant.  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Moussa Diarra ("Diarra") moves for reconsideration of my November 7, 2022 order denying leave to file a motion to reopen his case pursuant to Fed. R. Civ. P. 60(d)(3). (Docs. 290, 291.) This motion for reconsideration is DENIED.

        On October 2, 2022, Diarra moved for leave to file a motion to reopen his case pursuant to Fed. R. Civ. P. 60(d)(3). (Docs. 275.) This motion came approximately four years after I rendered summary judgment against him on September 20, 2018. (Doc. 239.) That judgment was affirmed by the Court of Appeals for the Second Circuit on August 16, 2019, (Doc. 242) and the Supreme Court denied certiorari on November 25, 2019, (Doc. 250-1). Diarra's initial motion included an exhibit, (Doc. 275-1), and he supplemented these papers with a further letter, (Doc. 277). In response to the City of New York's opposition papers, (Docs. 287, 287-1), Diarra also filed a reply with additional exhibits. (Docs. 288, 288-1–4.) Based these pre-motion papers, I determined this motion would be frivolous and Diarra denied leave to file. (Doc. 289, at 2–3.)

        Diarra moves for reconsideration asserting that I should have permitted full briefing on the merits. In support of his motion, Diarra files a letter with supporting exhibits, (Docs. 290,

1

290-1–2), and a supplemental letter with additional exhibits. (Docs. 291, 291-1).

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). When a party seeks reconsideration, the party generally "must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116 (VSB), 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011)).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (internal quotation marks omitted); *see also Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)). "Rather, 'the standard for granting [the motion] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Analytical Surveys*, 684 F.3d at 52 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). The decision of whether to grant a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium

*Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

"The bar for invoking Rule 60(d) is high." *United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank*, No. 18 CIV. 11117 (PAE), 2021 WL 4772142, at *4 (S.D.N.Y. Oct. 13, 2021). The burden is on the movant to prove allegations of fraud by clear and convincing evidence, *Garcia v. Griffin*, No. 16CV2584ALCRWL, 2021 WL 1577679, at *1 (S.D.N.Y. Apr. 22, 2021), and "[c]onclusory allegations cannot support a claim of fraud on the court." *Lee v. Marvel Enterprises, Inc.*, 765 F. Supp. 2d 440, 451 (S.D.N.Y. 2011), *aff'd*, 471 F. App'x 14 (2d Cir. 2012).

Given this standard, courts in this Circuit have denied frivolous Fed. R. Civ. P. 60(d)(3) motions based on pre-motion papers. *StreetEasy, Inc. v. Chertok*, is instructive. 730 F. App'x 4 (2d Cir. 2018). There, a district court was presented with "detailed arguments in pre-motion letters that evidenced the clear lack of merit in [movant's] contemplated [Rule 60(d)3)] motion." *Id.* at 6. Based on these filings, the district court deemed the motion made and denied it. The movant then filed the motion for reconsideration with additional papers, and the district court denied the motion for reconsideration. The Court of Appeals upheld this denial, noting that the district court "reasonably construed Chertok's pre-motion letter as the motion itself and denied it." *Id.*

Similarly, in *Austin v. Hanover Ins. Co.*, a district court denied leave to file a motion under Fed. R. Civ. P. 60(d)(3) after finding that the motion would be "repetitive, meritless and frivolous, if not malicious and intended to harass." No. 1:10-MC-46, 2010 WL 3338185, at *1 (D. Vt. Aug. 24, 2010). In short, district courts in this Circuit have denied frivolous Fed. R. Civ. P. 60(d)(3) motions based on pre-motion papers. Such dispositions are permissible so long as

the pre-motion papers have sufficient detail to make clear that the proposed motion would be without merit.

The present circumstances mirror *Chertok* and *Austin*. Diarra has filed numerous papers and supporting exhibits as part of his effort to reopen his case. I also received the City of New York's opposition.[1] I have thus had extensive briefing, including a "second bite at the apple" where Diarra could respond to my concerns. Nothing he has submitted suggests that his motion would not be frivolous.

Diarra's initial motion to reopen was based on fraud on the court committed by Dara Weiss, an attorney for the City of New York. Weiss was fired after she was found to have engaged in misconduct in an unrelated case. (Doc. 275, at 1.) Nowhere in his papers does Diarra offer evidence of fraud by Weiss in this case. In his motion, he noted Weiss's fraud in the unrelated case in a single paragraph. His supplemental letter had a single, conclusory sentence about Weiss. (Doc. 277, at 2.) Diarra's reply stated that Weiss conducted discovery in an obstructive and uncivil manner. (Doc. 288, at 1–2.) Setting aside the question of whether this is fraud, all that Diarra submitted in support are emails from Weiss about unrelated issues, including one that states that she is "not the attorney assigned to litigate this matter, and will not be litigating this matter." (Doc. 288-1, at 1.)

In sum, the only concrete information Diarra submitted about Weiss is a series of emails where Weiss says that she is not meaningfully involved in this matter. I found that this did not meet the high bar for relief required in a motion under Fed. R. Civ. P. 60(d)(3) or suggest that a motion based on these contentions would be nonfrivolous. (Doc. 289, at 2–3.)

---

[1] This opposition is of admittedly limited utility as the City of New York opposed the motion on the assumption that Diarra moved under Fed. R. Civ. P. 60(b)(3) rather than Fed. R. Civ. P. 60(d)(3).

Diarra's motion for reconsideration provides no persuasive facts or law that I overlooked. The first motion paper does not mention Weiss at all. (Doc. 290.) Instead, Diarra submits two redacted documents that were already produced in discovery. He does not explain how these redactions relate to Weiss or why redacted discovery materials that he has been aware of for years show fraud on the court. (*Id.* at 2.)

In his supplemental letter, the only evidence Diarra submits about Weiss is a news article discussing Weiss's misconduct in an unrelated case. (Doc. 291, at 2.) He does not explain why this article is relevant to fraud in this case. He also submits what he calls "obtrusive responses" to discovery. (Doc. 291-1). He does not explain why this document shows fraud on the court and no fraud is apparent on the face of the document. Moreover, the document is not even signed by Weiss, but rather by a different attorney for the City of New York. (*Id.* at 6.) Diarra offers nothing to connect this document to Weiss. Thus, despite submitting 41 pages of material across two separate motions, Diarra does not identify a single concrete fraudulent action taken by Weiss. His only exhibits relevant to Weiss are emails stating that she is not substantively involved in the litigation of Diarra's case. This does not meet the high bar required for relief under Fed. R. Civ. P. 60(d)(3) or to succeed on a motion for reconsideration.

Besides the conclusory allegations against Weiss, Diarra's remaining arguments are an attempt to relitigate the summary judgment rendered against him. Most of his papers in the initial motion and motion for reconsideration are not about fraud, but challenges to the legal and evidentiary findings in his original case. He attacks the conduct of the New York City Police Department ("NYPD") officer whose arrest of Diarra is the basis of this case, (Doc. 275, at 2–4; Doc. 277, at 1–2), the constitutionality of certain New York City policies, (Doc. 288, at 3), and the nature of the responses he received in discovery, (Doc. 291, at 1). His proposed remedy,

5

prior to the submission of his Fed. R. Civ. P. 60(d)(3) motion, is a hearing in which the Court would take evidence not from Weiss, the purported architect of the fraud, but from the NYPD officer and Diarra.  (Doc. 277, at 1.)

As I noted in my original order, "Diarra already deposed the officer who arrested him, (Doc. 239, at 7), and he could have submitted any admissible testimony of his own during summary judgment proceedings."  (Doc. 289, at 3.)  I also noted that Diarra admits that most of the evidence he plans to submit as part of the proceedings to reopen this case "has been already admitted during summary judgment proceedings and is before the Court.  (Doc. 277, at 1.)"  (Doc. 289 at 3.)  I thus determined that his arguments are not actually about fraud on the court but an improper attempt to relitigate the judgment against him under the auspices of a Rule 60(d)(3) motion.

Conspicuously, Diarra does not address these concerns in his motion for reconsideration. Instead, he submits more evidence that he previously received in discovery, such as the redacted felony complaint.  None of the evidence changes my determination that this component of Diarra's motion is simply an attempt to relitigate this case and circumvent the summary judgment rendered against him and affirmed by the Court of Appeals.

Diarra has provided no facts or law that I overlooked in his motion that would support the reconsideration of my earlier decision.  His motion for reconsideration is therefore DENIED.
SO ORDERED.

Dated:  November 23, 2022
         New York, New York

_____
Vernon S. Broderick
United States District Judge