B'SD

# The Law Offices of Kissinger N. Sibanda Esq

PO Box 714
Livingston, NJ 07039
Tel: 862-250-9684
Email: 862-250-9684
Website: https://kissingersibanda.wixsite.com/kensibanda

March 27, 2023

Hon. Judge Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

*Re: Mouss Diarra v. City of New York (1:16-cv-07075).*
**Renewed Letter Motion to Reopen Under Fed.R.Civ.P.R <u>60.d (1)</u>**

Dear Judge Broderick:

I represent Mr. Moussa Diarra in the above referenced matter which was closed on September 18 of 2018. Plaintiff respectfully renews their request to reopen this case for purposes of limited discovery because of new evidence. The attached exhibit acknowledges and corroborates plaintiff's Monell claim of an existing policy, customary practice, to arrest in domestic abuse situations with no probable cause and which resulted in Mr. Diarra's arrest outside of probable cause.  Exhibit: 1. At 4. Stating that:

"The NYPD is required to make an arrest in these situations, and this is the only reason Mr. Majors was arrested."  (Majors' Attorney: Priya Chaudry)

While this alone is not conclusive of a custom or practice and plaintiff's case, however it satisfies the requirement for reopening for the purposes of limited discovery on the issue because Diarra's argument for an existing policy has now been independently corroborated by new evidence, Exhibit: <u>1</u>, not available to Mr. Diarra at the time of his litigation. This request is also made in light of the concerns raised regarding how discovery was conducted under the supervision of New York Law Department's Dara Weiss.

Ms. Dara Lynn Weiss,[1] who worked for NY Law Department during the time this matter was open was found to have engaged in various discovery

---

[1] *In Re: New York City Policing During Summer 2020 Demonstrations,* No. 20-cv-8924. (Docket No. 524.) In this matter after Ms. Weiss doctored a non-existent email, her supervisor Ms. Patricia Miller then tried to schedule a private phone call with Judge Gabriel W. Greenstein.) Calling judges to have an *ex parte* conversation is not something any Judge can find acceptable. https://www.techdirt.com/2022/05/13/nypd-lawyer-forged-emails-lied-to-courts-withheld-information-from-lawsuit-plaintiffs/

1

Letter Motion: Plaintiff's Renewed Motion to Reopen

misconduct in another matter - *In Re: New York City Policing During Summer 2020 Demonstrations,* which warranted her being fired by NY Law Department. This misconduct included stonewalling, forgery and misrepresentations. These are serious allegations which call into question Ms. Weiss's involvement in other discovery matters where such conduct was also noted by other plaintiff's attorney at[2] that time, like in the *Diarra* matter at bar.

Discovery in this matter was not conducted in fairness and reopening this matter, in light of Exhibit: 1, would allow limited discovery into "domestic arrest policy," for the purposes of Diarra's Monell claim. As the exhibit shows, the existence of an arrest in domestic occurrence with no probable cause, is an existing policy known to some New York attorneys. *Id*. Furthermore, this policy was reiterated by Diarra's arresting police officer, Skorzewski during his deposition[3]. Exhibit: 2. At 23:

"Namely NYPD policy at this moment."

The resulting Universe of discovery in this matter was a sanitized record with gaps and missing timelines noted by the Second Circuit during appeal. The proposition that discovery was not full and proper is not speculation but is based on Ms. Weiss's misconduct in the Diarra matter. It is not mere speculation. A motion to reopen will cite to specific elements of discovery[4] to persuade the Court that reopening the matter is in the interest of justice. The motion will focus on three areas, new evidence, summary judgment fraud and defendant's memorandum of law; with misrepresentations, which was the basis of the summary judgment.

A. New Evidence Standard:
(Unconstitutional Domestic arrest policy/custom/practice )

The legal basis for the motion to reopen is that there is new evidence, which does not support summary judgment if it was available at that time of the litigation, a corroborating admission. Exhibit: 1. This corroborates a custom/practice used by the NYPD and which plaintiff did not submit to their pleadings during summary judgment because it was unavailable as incident had not occurred. Furthermore, this new evidence is new and was unavailable at the time of closing this case. Taken with the conduct of Ms. Weiss, during discovery, this new evidence suggests that opening the matter for limited discovery into "domestic arrest" policy inquiry is warranted at this point in the interest of justice.

There are serious inconsistency arising from factual insufficiency and concerns in the Diarra matter and honest discovery well show that summary

---

[2] NY Times. *New York Lawyers Play Hard Ball, Judges Are Calling Them Out*. Retrieved October 2, 2022. https://www.nytimes.com/2018/09/12/nyregion/nypd-lawyers.html

[3] Defendant argued that this articulation of policy in the deposition was actually a "policy of probable cause." [Sic].

[4] Including redacted defendant's documents, i.e., Def. Bates. 91, which were never released to plaintiff unredacted.

judgment for the defendant was granted without all the facts on policy and practice of the NYPD in domestic arrests, as acknowledged in Exhibit: 1.

     Mr. Diarra strongly believes that limited discovery into domestic arrests, as noted in the recent Jonathan Majors case, will show that there indeed exists a policy at NYPD when domestic arrests are to be made, independent of legal probable cause. This policy is a continued harm to the constitutional rights of those arrested, and causes injury, as was the case with Moussa Diarra.

     There is growing public concern about this domestic arrest policy as it mainly targets black men (such as, Moussa Diarra, Jonathan Majors, and Cuba Gooding); while allowing white men (and women in general) to be treated under the more stringent legal standard of *probable cause* – e.g. Dominic Strauss-Khan.

Respectfully submitted,

/s/ Kissinger Sibanda
Kissinger N. Sibanda

/KNS/

3

Letter Motion: Plaintiff's Renewed Motion to Reopen