UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                      :
MOUSSA DIARRA,                                     :
                                                      :
                                Plaintiff,          :
                                                        :              16-CV-7075 (VSB)
                       -against-                            :
                                                        :                    **ORDER**
CITY OF NEW YORK,                           :
                                                        :
                                     Defendant.  :
                                                        :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Moussa Diarra ("Diarra") has filed a second motion to reopen his case pursuant to Fed. R. Civ. P. 60(d), specifically Fed. R. Civ. P. 60(d)(1). (Docs. 296, 297.)[1] Four months ago, I denied his prior motion for leave reopen on the grounds that the motion would be frivolous. (Doc. 289.) I also denied his motion to reconsider that order for similar reasons. (Doc. 295.) The relevant history of this matter is summarized in that order. (*Id.*)

       As part of this new motion, Diarra has also once again filed a letter directed to the Chief Judge Laura Swain. (Doc. 299.) While briefing his initial motion to reopen, Diarra directed two letters, (Docs. 292, 293), to Chief Judge Swain, who denied these letters as improper, (Doc. 294.) Judge Colleen McMahon, the previous Chief Judge, similarly informed Diarra that the Chief Judge did not have the authority to address the types of letters he was sending, (Doc. 51), after Diarra tried to seek relief from her (Doc. 49). Despite this, Diarra continued to address numerous letters to Chief Judge McMahon or to address filings to both her and me. (Docs. 220, 237, 259, 262, 265, 267, 270, 272).

---

[1] An error resulted in duplicative filings. Doc. 297 is the operative request. (Doc. 298.)

Diarra's second motion to reopen is without merit.  Fed. R. Civ. P. 60(d)(1) permits a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."  "The bar for invoking Rule 60(d) is high."  *United States ex rel. Brutus Trading, LLC v. Standard Chartered Bank*, No. 18 CIV. 11117 (PAE), 2021 WL 4772142, at *4 (S.D.N.Y. Oct. 13, 2021):

> To obtain equitable relief through an independent action under Rule 60(d), a claimant must "(1) show that [he has] no other available or adequate remedy; (2) demonstrate that [his] own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief."

*Comm. on Pro. Standards v. Marin*, 764 F. App'x 82, 83–84 (2d Cir. 2019) (quoting *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997) (alterations in original).  "Independent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'"  *Marin*, 764 F. App'x at 84 (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  Where such a claim involves new evidence, a party must show that the new evidence "renders it manifestly unconscionable for the judgment to be enforced."  *Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS), 2017 WL 1609125, at *8 (S.D.N.Y. Apr. 28, 2017) (cleaned up).  In *Azkour*, for example, a Rule 60(d)(1) motion was found to be without merit where the proffered evidence "falls far short of showing" that it would be "manifestly unconscionable" to enforce the judgment.  *Id.*

Diarra proffers two items of evidence, neither of which are sufficient to meet this stringent showing.  First, he suggests that there was misconduct in the litigation of his case by New York City attorney Dara Lynn Weiss. (Doc. 297, at 1–2.)  Diarra made this argument repeatedly in papers submitted as part of his first motion to reopen. (Doc. 275, at 1; Doc. 277, at 1–2.)  I addressed these assertions and found them to be without merit. (Doc. 289, at 2–3; Doc.

295, at 4–6.)  Nothing he proffers in his second motion alters this analysis.  Second, Diarra offers a March 25, 2023, Hollywood Reporter article about a domestic violence arrest, in which the arrestee's defense attorney says "[t]he NYPD is required to make an arrest in these situations, and this is the only reason [arrestee] was arrested."  (Doc. 297, at 1; Doc. 297-1, at 3–4.)  This, Diarra proposes, is "new evidence" that supports his claim of unconstitutional arrest practices by the New York City Police Department ("NYPD").  (Doc. 297, at 1.)

As in *Azkour*, this single line falls far short of showing that enforcing the judgment against Diarra would be "manifestly unconscionable."  2017 WL 1609125, at *8.  The line is a statement about NYPD policy in a case unrelated to Diarra's that was made more than eight years after Diarra's 2014 arrest.  (Doc. 1 ¶ 4.)  It was also made by an attorney to a media outlet in the context of advocating for his client.  This item cannot reasonably be framed as new evidence in Diarra's case, much less evidence that would make enforcement of the judgment against Diarra "manifestly unconscionable."

Indeed, Diarra spends virtually no time analyzing this evidence or applying Fed. R. Civ. P. 60(d)(1) to it.  (*See generally* Doc. 297.)  The bulk of his motion is spent relitigating questions about Weiss that I addressed previously or rehashing discovery already in the record.

This is now Diarra's second attempt to reopen this case and it is no less frivolous than his first.  Additionally, two different Chief Judges have informed him that letters directed to them requesting relief are improper.  (Docs. 51, 294.)  Despite this, he included Judge McMahon on eight filings after she indicated there was no authority for these requests, and sent another letter to Judge Swain after she stated her letter to him was improper.  This is an unwarranted abuse of the Court's docket that unreasonably burdens both my chambers and the Chief Judges of this District.  If Diarra continues to file such frivolous motions, I will impose sanctions pursuant to

3

my inherent powers.

> [The] procedure for imposing leave-to-file sanctions involves three stages: (1) the Court notifies the litigant that the filing of future frivolous appeals, motions, or other papers could result in sanctions; (2) if the litigant continues to file frivolous appeals, motions or other papers, the Court orders the litigant to show cause why a leave-to-file sanction order should not issue; and (3) if the litigant fails to show why sanctions are not appropriate, the Court issues a sanctions order.

*McGuire v. Inch*, No. 20-857, 2020 WL 8837435, at *1 (2d Cir. Sept. 23, 2020) (internal citations omitted.)  Diarra is now warned.  If he continues to file frivolous motions, I will order him to show cause why an order imposing leave to file sanctions should not issue.

Additionally, I am increasingly concerned that these frivolous filings may be driven not by Diarra, but by his attorney, Kissinger Sibanda.  As leave to file sanctions could limit Diarra's future access to the courts in this matter, I find it appropriate to confirm Diarra's degree of involvement in any future motions.  Accordingly, any future filing by Diarra in this matter shall be accompanied by an affidavit signed by Diarra himself.  This affidavit shall state:

- Diarra's understanding of the nature of the filing to which the affidavit is attached and the relief that filing seeks;

- That Diarra is aware that the two motions he has filed to reopen his case have been found to be frivolous and without merit;

- That Diarra is aware that he and his attorney have been warned that further letters to the Chief Judge seeking relief in this case are inappropriate; and

- That Diarra is aware that he and his attorney have been warned that future frivolous filings may subject them to sanctions, including leave to file sanctions, under my inherent power.

Accordingly, Diarra's motion to reopen his case is DENIED. It is FURTHER ORDERED that all future filings by Diarra shall include the affidavit required by this Order.

SO ORDERED.

Dated: March 29, 2023
      New York, New York

Vernon S. Broderick
United States District Judge